**TRAILER MARINE TRANSPORTATION CORPORATION**
**a/k/a INTERISLAND INTERMODAL LINES, INC.,**
Plaintiff

v.

**CHARLEY'S TRUCKING, INC. and REYNALD CHARLES**
**d/b/a CHARLEY'S TRUCKING SERVICES, Defendants**
**and Third-Party Plaintiffs**

v.

**BAGWELL COATINGS OF THE CARIBBEAN, INC., DE-**
**LIVER IT WAREHOUSING, INC., F. W. WOOLWORTH**
**CO. and MERIDAN ENGINEERING, INC., Third-Party**
**Defendants**

Civil No. 1225-1981

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

March 15, 1984

GEORGE H. T. DUDLEY, ESQ. (DUDLEY, DUDLEY & TOPPER), St. Thomas, V.I., *for plaintiff*

BRENDA J. HOLLAR, ESQ., St. Thomas, V.I., *for defendant*

HODGE, *Presiding Judge*

## MEMORANDUM OPINION

Because adhesion contract theory embodies basic principles of fairness by which one party to an agreement is given some measure of protection from another party of greater bargaining strength, it is the general impression that it is applicable only to insurance contracts and similar pre-printed agreements, and that it therefore has no place in commercial transactions between businesses and their principals. Such an impression is misleading, and in this memorandum the court addresses the issue of whether an adhesion contract and its underlying rationale may exist in a commercial arrangement between businessmen. For the reasons set forth below, the court finds in the affirmative, concludes that the agreement entered into by the parties is an adhesion contract and construes the ambiguities in the contract against plaintiff.

Plaintiff is a corporation engaged in the business of transportation of goods by sea and land, including the leasing of trailers to truckers for the transfer of goods from dock to consignee. Defendant is a trucking corporation which transports trailers from the shipping dock to the premises of the consignee, where he leaves them after delivery. After the trailers are unloaded by the consignee, defendant is notified by the consignee, and returns the trailers to the plaintiff

at its docking facilities. To accommodate these functions, plaintiff and defendant entered into a lease agreement requiring, among other things, the payment for damages to the trailers occurring between date of delivery and date of return, and the procurement of insurance by defendant during the period of the lease.

 In its analysis and interpretation of the lease agreement, the court has relied upon the definition of an adhesion contract from J. D. Calamari and J. M. Perillo, The Law of Contracts, § 3 (1970) which is cited in Williamson v. Hess, 16 V.I. 284 (1978), and which states that ". . . an adhesion contract is one which is prepared by the party with excessive bargaining power who presents it to the other party for signature on a take-it-or-leave-it basis." Where no bargaining is permitted, the court is required to construe any ambiguities against the drafting party. Id. at 298. Here, the court has found that defendant relied on the plaintiff for 40–50% of his business; that the plaintiff is substantially more financially powerful than defendant and has excessive bargaining power over the defendant; that the plaintiff drafted the contract; that no bargaining was permitted and the contract was presented to the defendant for signature on a take-it-or-leave-it basis; that the defendant was given a deadline by which to sign or be cut off from the work he was doing for the plaintiff; that defendant complained to plaintiff of the unfairness of the contract to no avail; that the defendant signed the document under duress, and that due to the unconscionability of the contract terms, defendant could not obtain the insurance which the contract required.

After reviewing the contract the court finds that paragraphs 3.4, 3.7, 6, and 12 are ambiguous and conflicting. Significant ambiguity exists in determining what the word "possession" means as used in paragraphs 3.4 and 3.7 of the agreement. Does "possession" refer solely to the trailers when in the lessee's actual possession or does "possession" extend to situations in which the trailers are in the actual possession of third parties for indefinite periods of time? These two paragraphs are contradicted by paragraphs 6 and 12 of the agreement which explicitly state that the lessee shall be liable for all damages to the trailers between date of delivery and date of return, including damages occurring while the trailers are in the possession of the shipper or consignee, and whether or not the damages were caused by the defendant.

With respect to actual negligence, based on the evidence presented, this court has found that the plaintiff has established that

the trailers were in fact damaged. However, the plaintiff has failed to establish whether the damages occurred while the trailers were in defendant's possession or in the possession of the consignees. The exhibits presented by the plaintiff show that for certain periods of time ranging from two (2) days to sixty-three (63) days the trailers were left at the sites of the consignees.

> . . . That in the choosing among the reasonable meanings of a promise or agreement or a term thereof, that meaning is generally preferred which operates against the party who supplies the words or from whom a writing otherwise proceeds.

Restatement (Second) of Contracts, § 206 (1979).

 The court must therefore resolve the ambiguities in favor of the defendant and against the plaintiff, the party who provided the terms, and concludes that while defendant is liable for damages to the trailers while in its actual possession, defendant is not liable for damages to the trailers while in the possession of the consignees.

Moreover, paragraphs 6 and 12, which make the defendant liable under all circumstances, are grossly unconscionable and their harshness has prevented defendant from obtaining insurance as he was obligated to do by paragraph 3.6 of the agreement.

 Section 205 of the Restatement (Second) of Contracts imposes upon each party to a contract a duty of good faith and fair dealing in its performance and enforcement. Despite the adhesion nature of the contract, the defendant has demonstrated good faith and fair dealing by admitting liability for damages sustained while in his possession; by trying to obtain insurance in order to meet that provision of the contract and to protect himself; and by generally attempting to meet the provisions of this agreement although realizing that he was being taken advantage of by plaintiff corporation. On the other hand, plaintiff has clearly breached the duty of good faith and fair dealing by the oppressive terms of the agreement, and by the coercive tactics it used to get the contract signed and to collect unwarranted claims from defendant.

The plaintiff cites Fredricks v. Hess Oil Virgin Islands Corporation, 492 F.Supp. 1338 (1980), in support of its opposition to defendant's contention that the said agreement is an adhesion contract. However, in Fredricks v. Hess Oil, supra, the issue as to whether the contract was one of adhesion was not affirmatively pleaded and was therefore considered waived. What the plaintiff relies on is dictum, but even that dictum does not address the gross advantage of one party over another as reflected in this case.

285

Accordingly, the court concludes that the agreement entered into by the parties is an adhesion contract and has construed all ambiguities flowing therefrom against plaintiff, as aforesaid. The court further concludes that the fact that the parties are businessmen engaged in commercial transactions does not negate the adhesion contract theory where, as here, the application of its basic principles of fairness are appropriate.