**BLAISE ALEXANDER and GERALD FREEMAN, Plaintiffs**
**v.**
**ANTHONY INTERNATIONAL, L.P., Defendants**

Civ. No. 97-58a

District Court of the Virgin Islands

Div. of St. Croix

May 6, 1998

Lee L. Rohn, Esq., (Rohn & Cusick), Christiansted, St. Croix, U.S.V.I., *for Plaintiffs*

Todd H. Newman, Esq., (Nichols Newman, Silverlight Logan & D'Eramo, P.C.), Christiansted, St. Croix, U.S.V.I., *for Defendant*

RESNICK, *Judge*

### ORDER GRANTING DEFENDANT'S MOTION FOR STAY PENDING ARBITRATION

THIS MATTER is before the Court on Defendant Anthony International's ["Anthony"] Motion for Stay pending arbitration, the plaintiffs' opposition, and the defendant's reply.

## FACTUAL & PROCEDURAL BACKGROUND

This matter arose out of the termination of plaintiffs Alexander and Freeman from their employment as heavy equipment operators at the Hess Oil refinery in St. Croix. In their complaint filed on May 27, 1997, plaintiffs allege that they had been employees of various subcontractors at the refinery for the past 20 years. In August of 1996, they were notified that they would, henceforth, be employed by defendant Anthony, a new subcontractor. Their employment contract with Anthony contained an arbitration clause which provides that all claims relating to their employment would be submitted to arbitration. The plaintiffs signed the contract and became employees of Anthony. Subsequently, they were terminated. They allege that they were terminated because of their race and their age.

Plaintiffs filed a complaint claiming damages, wrongful discharge and discrimination, and sought punitive damages and back pay. On December 22, 1997, Anthony filed a motion for a stay pending arbitration, pursuant to 9 U.S.C. § 3. Plaintiffs opposed the motion on the ground that the contract is one of adhesion and unenforceable because it is unconscionable and against public policy.

As a result of the parties' failure to agree on the procedural issues, the court ordered a briefing on the issue of whether the issue of adhesion and the arbitrability of plaintiffs' claims is a question for the court or the arbitrator. By order dated April 6, 1998, the Court held that such determination was for the court, and scheduled a hearing. Prior to the hearing held on April 30, 1998, Anthony stipulated to the truthfulness of plaintiffs' affidavits regarding the signing of the employment contract.[1] Anthony further conceded "that the court could find that the employment contract is one of adhesion", leaving only the issue of its unconscionability for the court's determination.

Neither party made additional arguments choosing, instead, to rest on the existing record. Anthony maintains that "the law does not render an adhesion contract unenforceable, because the arbi-

---

[1] For purposes of the pending motion, only.

tration provision is not unconscionable and it cannot be found under any set of facts to be . . . violative of public policy, and certainly not under the facts asserted by the plaintiffs in this case." Motion for Reconsideration or, Alternatively Clarification, p. 2.

### DISCUSSION

In spite of the narrow issue in this case, it bears repeating that federal law overwhelmingly favors arbitration. The Supreme Court, in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25, 74 L. Ed. 2d 765, 103 S. Ct. 927 (1983), counseled that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Although the parties' intentions control, those intentions are construed in favor of arbitrability. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Inc.*, 473 U.S. 614, 626, 87 L. Ed. 2d 444, 105 S. Ct. 3346 (1985).

However, courts are cautioned to remain sensitive to "well-supported claims that an agreement to arbitrate resulted from the sort of fraud or overwhelming economic power that would provide grounds for the revocation of any contract." *Mitsubishi Motors Corp.*, 473 U.S. at 627. The Court notes the defendant Anthony's stipulation that the court could find the instant contract to be a contract of adhesion. Indeed, the contract appears to be a form document which was drafted by the defendant and given to all employees. Thus, prospective employees may have no realistic ability to modify any of its terms. In addition, plaintiffs aver that they were told to sign the document if they wanted to work. It is also clear that plaintiffs do not have the bargaining power that Anthony has.

However, "more than a disparity in bargaining power is needed in order to show that an arbitration agreement was not entered into willingly." *Great Western Mortgage Corp. v. Peacock*, 110 F.3d 222, 229 (3d Cir. 1997), *cert. denied* 139 L. Ed. 2d 230, 118 S. Ct. 299, *citing Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 114 L. Ed. 2d 26, 111 S. Ct. 1647 (1991). Courts have refused to enforce contracts of adhesion that are found to be unconscionable or otherwise against public policy. *Caldwell v. Kentucky Fried Chicken, Corp.*, 958 F. Supp. 962, 973 (D.N.J. 1997).

■ ■ Plaintiffs argue that the instant arbitration provision is unenforceable because it is unconscionable and against public policy. An unconscionable contract contains elements of extreme unfairness in terms, and absence of meaningful choice. *Federal Arbitration Law and State Court Proceedings*, 23 Loy.L.A. L.Rev. 473 (1990). Generally, the court's analysis consists of two elements: procedure and substance. Procedural unconscionability concerns the negotiation of the contract, such as the ability to negotiate favorable terms. *Id.*

For example, in *Trailer Marine Transport Corp. v. Charley's Trucking, Inc.*, 20 V.I. 282 (T.Ct. St.T/St. J, 1984), a small trucking company was required to sign a contract which made him liable for damages to trailers in his possession, where "possession" also referred to situations where the trailers were in the possession of third parties. The court found that the company was presented with the agreement on a take-it-or-leave-it basis and that the small trucking company relied on the larger for a substantial part of its income. Because of egregious overreaching, and the gross disparity in the values exchanged, the court construed any ambiguities in the contract against the larger company.

■ Substantive unconscionability goes to the terms of the contract itself. An agreement will be found unconscionable, and thus, unenforceable, if (1) it is not within the reasonable expectations of a party and (2) when considered in context, is unduly oppressive, or against public policy. The plaintiff must show that the terms unreasonably favor the other party. *Seus v. Nuveen & Co., Inc.*, 1997 U.S. Dist. LEXIS 8209, 1997 WL 325792 *3 (E.D. Pa. June 2, 1997).

■ This court finds that the arbitration provision in this case is neither so procedurally or substantively unconscionable so as to be unenforceable. Despite the defendant's concession that the contract may be one of adhesion, the facts in this case are considerably less egregious than those found in the *Trailer Marine* case. There, the court found that the defendant had repeatedly complained to the plaintiff to no avail and that the document was signed under duress. No comparable finding of extreme unfairness has been made here. Unlike the arbitration clause in *Caldwell*, the one in this case is clear and unambiguous. It is not buried in small print, but

set off as a separate section in the contract. Plaintiffs do not claim that they cannot read, or that they did not understand the contract. Indeed, there is no indication that plaintiffs were not able to understand what they were signing.

In addition, the agreement carefully lists all covered claims including those for wrongful discharge, Title VII, Equal Employment Opportunity, Equal Pay, Fair Labor Standards, ADEA, ADA, Family and Medical Leave Act, all claims for discrimination based on local and federal statutes, defamation, and all matters sounding in tort. The agreement also provides for a waiver of jury trial and clearly describes the nature of any award. Plaintiff does not claim, and this Court does not find, that the terms of the arbitration provision unfairly limit the obligations and liabilities, or otherwise confer an unfair advantage on defendant Anthony.

■ This Court also finds that the provision is not against public policy. Plaintiffs argue that "the provision to arbitrate all claims, including statutory claims . . . offends public policy." Response to Motion for Stay, p. 6. However, the plaintiffs fail to identify any local statute against arbitration of statutory claims. Although this argument has become increasingly popular in recent case history,[2] the Supreme Court has stated that "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." 473 U.S. at 627. *See also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 114 L. Ed. 2d 26, 111 S. Ct. 1647 (1991); *Seus v. Nuveen & Co., Inc.*, 1997 U.S. Dist. LEXIS 8209, 1997 WL 325792 *3 (E.D. Pa. June 2, 1997); *Brown v. KFC National Management Co.*, 82 Haw. 226, 921 P.2d 146, 168 (S. Ct. Hawaii 1996). In other words, arbitration provisions which include statutory claims have not been found to be unconscionable as a matter of law.

## CONCLUSION

Based on the foregoing, this Court finds that the arbitration provision included in the defendant's employment contract is

---

[2] The Supreme Court has agreed to review the issue whether the existence of an arbitration clause in a collective bargaining agreement, precludes an individual from also suing for age discrimination. *Wright v. Universal Maritime Service Corp.*

valid and enforceable. Accordingly, this Court must grant the motion for stay, pursuant to 9 U.S.C. § 3.

Accordingly, it is hereby

ORDERED that the defendant's motion for stay pending arbitration is GRANTED.

DATED: May 6, 1998.