**Bruno LLOYD, Plaintiff,**

v.

**HOVENSA LLC. and Wyatt VI Inc., Defendants.**

**No. CIV.2002/121.**

District Court, Virgin Islands, D. St. Croix.

Jan. 27, 2003.

Lee J. Rohn, Law Offices of Lee J. Rohn, Christiansted, VI, for Plaintiff.

David J. Comeaux, Ogletree Deakins Nash Smoak & Stewart, LLC, St. Thomas, VI, for Defendant Wyatt VI Inc.

Linda J. Blair, Byrant Barnes & Moss, LLP, Christiansted, VI, for Defendant Hovensa LLC.

## MEMORANDUM OPINION

FINCH, Chief Judge.

THIS MATTER comes before the Court on Defendant Wyatt VI, Inc.'s (hereinafter Wyatt's) Motion to Compel Arbitration. Defendant HOVENSA, LLC. (hereinafter Hovensa) joins in such motion. An eviden-

tiary hearing was held on January, 14, 2003.

## I. Background

Plaintiff Bruno Lloyd, a black, West Indian male, is a pipefitter and boilermaker who has worked with various contractors hired by Hovensa. Lloyd was working for Jacobs/IMC a Hovensa contractor, when Jacobs/IMC's contract with Hovensa terminated. At that time Lloyd was laid off. Wyatt contracted with Hovensa to do the work that Jacobs/IMC had been performing. Lloyd applied to work for Wyatt. Wyatt would not consider Lloyd's application unless Lloyd signed a Dispute Resolution Agreement. Because Lloyd needed a job, he signed such Agreement.

The Dispute Resolution Agreement requires Wyatt and Lloyd to arbitrate any disputes relating to Lloyd's application, the terms and conditions of Lloyd's employment and the employment relationship. Wyatt's Mot. to Compel, Ex. A. The Agreement states that it extends to Hovensa as an intended third party beneficiary. It also incorporates by reference the American Arbitration Association's, "National Rules for the Resolution of Employment Disputes" (hereinafter "the AAA Rules").

Wyatt only required applicants in the Virgin Islands to sign such a Dispute Resolution Agreement to be considered for employment. Applications in the continental United States were not required to sign a Dispute Resolution Agreement.

Wyatt required Lloyd to take a test as part of the application process. Lloyd did not pass the test and was not hired.

Lloyd sued Wyatt and Hovensa charging them with discrimination in violation of federal and Virgin Islands civil rights statutes and intentional infliction of emotional distress. Lloyd also alleges that Hovensa wrongfully discharged him, and breached the implied contract of good faith and fair dealing. Lloyd seeks compensatory and punitive damages, costs and fees from both Defendants.

Wyatt and Hovensa request that this Court enforce the Dispute Resolution Agreement which would require arbitration of all of Lloyd's claims. They also urge the Court to stay this matter pending arbitration, rather than dismiss the case.

## II. The Use of a Dispute Resolution Agreement as a Tool of Discrimination

■ Lloyd showed that applicants who applied for employment with Wyatt in the Virgin Islands were required to sign a Dispute Resolution Agreement to be considered for employment while applicants who applied for employment outside the Virgin Islands were not required to sign such an agreement. Thus, Lloyd has proven that Wyatt differentiated between applicants based on their place of residence.

Lloyd argued at the oral hearing in this matter that Wyatt's practice violates section 3 of Title 10 of the Virgin Islands Code which prohibits discrimination in employment on the basis of race, creed, color, or national origin. In his opposition to the motion to compel arbitration, Lloyd also asserted that Wyatt's practice violates 42 U.S.C. § 1981. "Section 1981 affords a federal remedy against discrimination in private employment on the basis of race." *Johnson v. Railway Exp. Agency, Inc.*, 421 U.S. 454, 460, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

Lloyd has failed to demonstrate any discrimination on the basis of race, creed, color, or national origin. He has only shown that Wyatt differentiated between applicants based on their place of residence—nothing more. The Court cannot find that Wyatt used a Dispute Resolution Agreement as a discriminatory tool or that

the Court's enforcement of the Dispute Resolution Agreement would violate Lloyd's rights under section 3 of Title 10 of the Virgin Islands Code or 42 U.S.C. § 1981.

In his opposition to Wyatt's motion to compel arbitration, Lloyd requests that he be allowed to conduct discovery to ascertain whether the requirement that applicants sign a Dispute Resolution Agreement is racially motivated or has a disparate impact on minority applicants. Lloyd did not file a motion for an order to conduct such discovery in accordance with the procedures set forth in Rule 7(b) of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules of Civil Procedure before the hearing on Wyatt's motion to compel. Because there is not a proper and timely motion before the Court, the Court will not consider Lloyd's request for discovery. *See Thomas v. Larson,* 2001 WL 185729, \*18 n. 58 (E.D.Pa., Feb.27, 2001) (refusing to consider "stray statements" made in responses to motions as proper motions before court).

### III. Whether the Dispute Resolution Agreement or Its Terms are Unconscionable

#### A. *Uneven Bargaining Power Does Not Make the Dispute Resolution Agreement Unenforceable.*

If Lloyd wanted to work for Wyatt, he had to sign a Dispute Resolution Agreement. Lloyd has few opportunities to do the type of work in which he is experienced in the Virgin Islands. Thus, there is uneven bargaining power between Lloyd and Wyatt. Lloyd argues that this uneven bargaining power renders the Dispute Resolution Agreement that he entered into unconscionable and therefore unenforceable.

■ "Arbitration agreements are enforceable 'save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 33, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991) (quoting 9 U.S.C. § 2). The Court applies general contract principles of territorial law in determining whether an arbitration agreement is enforceable. *See Doctor's Associates, Inc. v. Casarotto,* 517 U.S. 681, 686–87, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996).

■ In the Virgin Islands, the Restatement (Second) of Contracts expresses the applicable principles of contract law. *See* 1 V.I.C. § 4. With respect to an unconscionable contract or term, Restatement (Second) of Contracts § 208 provides:

> If a contract or term thereof is unconscionable at the time the contract is made a court may refuse to enforce the contract, or may enforce the remainder of the contract without the unconscionable term, or may so limit the application of any unconscionable term as to avoid any unconscionable result.

Thus, a particular term of an arbitration provision may be unconscionable whether or not the provision as a whole is unconscionable. *Id.* § 208, cmt. e.

■ Inequality in bargaining power is a factor that the Court considers in determining whether a contract or a term of such contract is unconscionable. *See* Restatement (Second) of Contracts § 208, cmt. d. "Mere inequality in bargaining power, however, is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context." *Gilmer,* 500 U.S. at 33, 111 S.Ct. 1647.

■ According to the Restatement (Second) of Contracts, even gross inequality of bargaining power does not automatically render a contract unconscionable. "[G]ross inequality of bargaining power,

together with terms unreasonably favorable to the stronger party, may confirm indications that the transaction involved elements of deception or compulsion, or may show that the weaker party had no meaningful choice, no real alternative, or did not in fact assent or appear to assent to the unfair terms." Restatement (Second) of Contracts § 208, cmt. d; *see also Worldwide Underwriters Ins. Co. v. Brady,* 973 F.2d 192, 196 (3d Cir.1992) ("Unconscionability requires a two-fold determination: that the contractual terms are unreasonably favorable to the drafter and that there is no meaningful choice on the part of the other party regarding acceptance of the provisions.").

Thus, even if the Court were to find a gross inequality of bargaining power between Lloyd and Wyatt, it would also have to find that the Dispute Resolution Agreement contained terms unreasonably favorable to Wyatt, for the Court to find it unconscionable. *See Seus v. John Nuveen & Co., Inc.,* 146 F.3d 175, 184 (3d Cir.1998) (holding that even if employment arbitration agreement were contract of adhesion, it must also be oppressive or unreasonably favorable to employer to be unenforceable). Lloyd contends that the provisions addressing fee-splitting, discovery, and confidentiality unreasonably favor Wyatt.

### B. *The Fee–Splitting Provision Is Not Unconscionable*

Lloyd argues that the allocation of costs and fees in the Dispute Resolution Agreement he signed is unconscionable and prevents him from vindicating his statutory rights.[1] The Dispute Resolution Agreement provides:

The National Rules will govern the allocation of costs between the parties unless otherwise agreed. The parties agree that the party initiating the arbitration must pay in advance a filing fee of $100. The remaining expenses of the arbitration (including AAA's administrative fees, the arbitrator's compensation, and any required deposits) shall be divided equally between the parties during the arbitration and are subject to reapportionment by the arbitrator as part of the written award and in accordance with applicable law. Upon a written request to the Arbitrator demonstrating financial hardship or financial inability to pursue the claim, Wyatt will be responsible for the remaining expenses and costs of the arbitration.

■ A fee-splitting provision in an agreement does not, in and of itself, deny a plaintiff an opportunity to vindicate his or her statutory rights. *See Blair v. Scott Specialty Gases,* 283 F.3d 595, 610 (3d Cir.2002). The plaintiff must show that the costs of the arbitral forum are prohibitive. *See id.*

■ Lloyd cannot satisfy his burden of proving the likelihood of incurring prohibitive costs given the terms of the Dispute Resolution Agreement. If Lloyd suffers from financial hardship or financial ability to pursue the claim, then under the terms of the Dispute Resolution Agreement, the arbitrator must require Wyatt to pay all but the $100 filing fee. Therefore, Lloyd will never be barred from vindicating his statutory rights by prohibitive costs associated with the arbitral forum.

1. Lloyd contends that AAA Rule 11 regarding arbitrator qualifications also prevents him from vindicating his statutory rights. The Court has reviewed AAA Rule 11 and finds that it contains sufficient mechanisms for Lloyd to obtain a qualified arbitrator. Like the Supreme Court, this Court "decline[s] to indulge the presumption that the parties and arbitral body conducting a proceeding will be unable or unwilling to retain competent, conscientious, and impartial arbitrators." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 634, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985).

The essential effect of the Dispute Resolution Agreement is to shift the inquiry prescribed by the Third Circuit in *Blair*, 283 F.3d at 610, from the judicial to the arbitral forum. Such a shift is not unconscionable and does not implicate Lloyd's statutory rights.

### C. The Incorporated AAA Rule Controlling Discovery Is Not Unconscionable

■ Lloyd argues that the discovery provision of the AAA Rule 7, which is incorporated into the Dispute Resolution Agreement he signed, unreasonably favors Wyatt. AAA Rule 7 provides:

> The arbitrator shall have the authority to order such discovery, by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration.

The plaintiff in *Gilmer* also complained that the discovery allowed in arbitration is more limited than in the federal courts and that this would make it more difficult for him to prove discrimination. The Supreme Court rejected Gilmer's argument, stating:

> It is unlikely, however, that age discrimination claims require more extensive discovery than other claims that we have found to be arbitrable, such as RICO and antitrust claims. Moreover, there

has been no showing in this case that the ... discovery provisions, which allow for document production, information requests, depositions, and subpoenas, will prove insufficient to allow ADEA claimants such as Gilmer a fair opportunity to present their claims. Although those procedures might not be as extensive as in the federal courts, by agreeing to arbitrate, a party trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration.

*Gilmer*, 500 U.S. at 31, 111 S.Ct. 1647 (quotation omitted).

Here, as in *Gilmer*, Lloyd has not shown that the discovery provision, which specifically allows for depositions, interrogatories, and document production, will be insufficient for him to have a fair opportunity to present his discrimination claims.

### D. The Incorporated AAA Rules Regarding Confidentiality Favor Defendants.

■ Under the AAA Rules incorporated into the Dispute Resolution Agreement, the award, which must be in writing, is publicly available. AAA Rule 34(b), (c). Unless the parties agree otherwise, the arbitrator must also include the written reasons for the award.[2] AAA Rule 34(c). But the names of the parties are not publicly available unless a party expressly per-

---

**2.** Lloyd argues that AAA Rule 34(c) does not require that the award be in writing. AAA Rule 34(c) provides:

> The award shall be in writing and shall be signed by a majority of the arbitrators and shall provide the written reasons for the award **unless the parties agree otherwise.** It shall be executed in the manner required by law.

(emphasis added).

The Court interprets the emphasized clause "unless the parties agree otherwise" as applying to the last requirement, that "[t]he award ... provide the written reasons for the award." This interpretation makes the most sense in view of the other terms of AAA Rule 34 which allow the arbitrator to assess various fees and award compensation, control the delivery of the award, and which indicate that the award is subjected to limited judicial review. *See* Restatement (Second) of Contracts § 202(2) ("A writing is interpreted as a whole, and all writings that are part of the same transaction are interpreted together.").

mits its name to be made public in the award. AAA Rule 34(b).

These rules are facially neutral. However, the restriction on the publication of the parties' identities disproportionately favors Defendants. In *Luna v. Household Finance Corp. III*, 236 F.Supp.2d 1166, 1180–81 (W.D.Wash.2002), the court ruled that a facially neutral confidentiality provision, which kept the entire award confidential, contributed to a finding of substantive unconscionability. The court explained:

> The advantages repeat participants possess over "one time" participants in arbitration proceedings are widely recognized in legal literature and by federal courts. The *Cole* [ *v. Burns Int'l Sec. Servs.*, 105 F.3d 1465, 1476 (D.C.Cir. 1997) ] Court recognized that repeat arbitration participants gain advantages due to superior knowledge regarding arbitrators, that "a lack of public disclosure may systematically favor companies over individuals," and that "[t]he unavailability of arbitral decisions also may prevent potential plaintiffs from locating the information necessary to build a case of intentional misconduct or to establish a pattern or practice of discrimination by particular companies." *Cole*, 105 F.3d at 1477. . . . [B]y keeping all awards confidential, any advantages that inure to Defendants as repeat participants are effectively concealed, thereby preventing the scrutiny critical to mitigating those advantages.

*Id.* at 1180 (citations and quotations omitted).

Here, unlike the provision in *Luna*, the entire award is not kept confidential. However, the ability of a party to unilaterally prevent the inclusion of its name in the award favors the repeat participant and makes it difficult for a potential plaintiff to build a case of intentional misconduct or to establish a pattern or practice of discrimination by a particular company.

*See* Thus, the provision regarding the confidentiality of the parties' names, although facially neutral, favors Defendants. Similarly, AAA Rule 18 making the arbitration itself confidential and AAA Rule 17 allowing the arbitrator to hold closed hearings also favor Defendants and unduly burden Lloyd.

■ The Court holds that given the gross inequality in bargaining power, AAA Rules 17, 18, and 34, to the extent they provide for confidentiality, are unconscionable. Because the confidentiality provisions are collateral to the main purpose of the Dispute Resolution Agreement, the Court will enforce the remainder of the Dispute Resolution Agreement without these unconscionable terms. *See* Restatement (Second) of Contracts § 208 & cmt. g; *see also Ting v. AT & T*, 182 F.Supp.2d 902, 935 (N.D.Cal.2002) ("If the illegality is collateral to the main purpose of the contract, and the illegal provision can be extirpated from the contract by means of severance or restriction, then such severance and restriction are appropriate.").

## IV. The Appropriate Disposition.

■ Wyatt moved for a stay pending arbitration pursuant to 9 U.S.C. § 3. The Third Circuit has suggested, however, that when all the claims involved in a case are arbitrable, there is no reason for a court to retain jurisdiction over the case and stay its proceedings pending completion of arbitration. *Seus*, 146 F.3d at 179. Any post-arbitration remedies would not entail reconsideration of the merits, but would be circumscribed to judicial review of the arbitrator's award. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir.1992); *Hoffman v. Fidelity and Deposit Company of Maryland*, 734 F.Supp. 192, 195 (D.N.J.1990). "Without a live controversy before the court, the appropriate procedure is dismissal of the action with-

out prejudice." *Dancu v. Coopers & Lybrand,* 778 F.Supp. 832, 835 (E.D.Pa.1991); *see also Pick v. Discover Financial Services, Inc.,* 2001 WL 1180278, *5 (D.Del., Sept.28, 2001) (dismissing action on motion for stay since all claims arbitrable and no purpose in retaining jurisdiction).

The Supreme Court in *Green Tree Financial Corp.-Alabama v. Randolph,* 531 U.S. 79, 88–89, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000) held that an order compelling arbitration and dismissing with or without prejudice is immediately appealable as a final order, unlike a stay for which interlocutory appeal is not automatically available. The Third Circuit referred to the possible anomaly this creates in *Blair,* 283 F.3d at 602. Whether a court's decision is immediately appealable in a case in which all the claims are arbitrable would depend solely on whether the court were to characterize its arbitration order as an order compelling arbitration and dismissing the action or an order staying the proceeding pending arbitration. *See id.* The Third Circuit implied that when all claims are arbitrable the court should dismiss, rather than stay: "We have no reason to assume that a district court will enter a stay rather than a dismissal when all of the claims are arbitrable." *Id.* at 602 n. 1. Dismissal is appropriate when all claims are arbitrable and one of the parties moves for arbitration even if neither party requests dismissal. *Sparling v. Hoffman Constr. Co., Inc.,* 864 F.2d 635, 637–38 (9th Cir.1988)

Because Lloyd's claims are all arbitrable under the Dispute Resolution Agreement and Wyatt, joined by Hovena, has moved for arbitration of all claims, the proper disposition of this case is an order compelling arbitration and a dismissal with prejudice. *See Alford,* 975 F.2d at 1164; *Bercovitch v. Baldwin Sch.,* 133 F.3d 141, 156 n. 21 (1st Cir.1998); *Pick v. Discover Financial Services,* 2001 WL 1180278 at *5 (D.Del., Sept. 28, 2001).

## V. CONCLUSION

For the foregoing reasons, the Court finds that the Dispute Resolution Agreement that Lloyd entered into with Wyatt is enforceable with the exception of the incorporated AAA Rules 17, 18, and 34 to the extent that they relate to confidentiality. Accordingly, the Court grants Wyatt's motion to compel arbitration with which Hovensa joined, and dismisses this matter without prejudice.

## ORDER

THIS MATTER comes before the Court on Defendant Wyatt VI, Inc.'s Motion to Compel Arbitration. Defendant HOVENSA, LLC. joins in such motion. An evidentiary hearing was held on January, 14, 2003.

For the reasons stated in the accompanying Memorandum Opinion, it is hereby **ORDERED** that:

the Dispute Resolution Agreement that Plaintiff Bruno Lloyd entered into with Wyatt VI, Inc. is enforceable with the exception of incorporated Rules 17, 18 and 34 of the National Rules for the Resolution of Employment Disputes of the American Arbitration Association to the extent that they relate to confidentiality; the Motion to Compel Arbitration is **GRANTED**; and the Complaint is **DISMISSED** with prejudice.