

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-10-2005

# Alejandro v. LS Holding Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2053

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Alejandro v. LS Holding Inc" (2005). *2005 Decisions.* Paper 1228.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1228

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-2053

———————

LISA ALEJANDRO,
Appellant

v.

L.S. HOLDING INC.,
d/b/a
Little Switzerland

———————

Appeal from the District Court
of the Virgin Islands
(District Court Civil No. 02-cv-00225)
District Court Judge:  Honorable Thomas K. Moore

———————

Argued April 19, 2005

Before:  NYGAARD, RENDELL and SMITH, Circuit Judges.

(Filed  May 10, 2005)

———————

Desmond L. Maynard
Shawn E. Maynard-Hahnfeld     **[ARGUED]**
Law Offices of Desmond L. Maynard
P.O. Box 8388
Charlotte Amalie, St. Thomas
USVI  00801
    *Counsel for Appellant*

Karin A. Bentz     **[ARGUED]**
Julita K. deLeon
Law Offices of Karin A. Bentz
18 Dronningens Gade, Suite 8
Charlotte Amalie, St. Thomas
USVI  00802
    *Counsel for Appellee*

---

OPINION OF THE COURT

---

RENDELL, <u>Circuit Judge</u>.

Lisa Alejandro sued Little Switzerland ("LS") in the District Court of the Virgin Islands for discrimination in violation of Title VII, 42 U.S.C. §§ 2000e, <u>et</u> <u>seq.</u>, and wrongful discharge under Title 24 of the Virgin Islands Code.  The District Court entered an order granting LS's Motion to Compel Arbitration and dismissing Alejandro's claims without prejudice.  Alejandro now appeals, claiming that the arbitration clause contained in her Employment Application is unconscionable and, therefore, unenforceable, and that LS waived its right to enforce the arbitration clause when it failed to follow its own internal procedures for dispute resolution and when it knowingly engaged in written discovery pursuant to the suit she brought in the District Court.

I.  Factual and Procedural Background

On July 29, 1996, Alejandro signed an application for employment with LS.  The employment application contained the following provisions:

I understand and agree that if I am employed by Little Switzerland, L.S.

2

Holdings, or L.S. Wholesale, my employment is at will. I may resign at any time for any reason and the Company may terminate my employment at any time for any reason. I also understand and agree that the Company may change terms and conditions of my employment with or without notice to me...

I also agree that if there is any dispute or conflict concerning any aspect of my employment, including but not limited to compensation, benefits, interpretation of policies, practices procedures I am required to follow the Company's internal procedure for problem-resolution as described in the Little Switzerland Employee Handbook. And that if I am not satisfied with the decision reached by the Company, I agree that any dispute arising with respect to any aspect [*sic*] my employment shall be determined and settled by arbitration pursuant to the rules of the American Arbitration Association in effect at the time of any dispute. Any award shall be final and conclusive upon all parties and a judgment there on [*sic*] may be entered in any court having jurisdiction.

On September 9, 1996, LS hired Alejandro as its Assistant Watch Buyer. Alejandro is a black female of African American descent, born on the island of St. Thomas. When Alejandro inquired about a subsequent vacancy in the position of Watch Buyer, she was allegedly told by Michael Poole, LS's former Vice President of Merchandising, that LS would not replace the former Watch Buyer with a "local" person and had already decided to hire a "continental" for the position. Patrick Heron, a white male, was hired to fill the position of Watch Buyer. Alejandro spoke to Heron about what she perceived to be a discrepancy between her salary and her duties. He told her that LS was restructuring and advised her to wait for a couple of weeks before LS could address her concerns. Alejandro alleges that LS never took any action to rectify the incommensurate nature of her pay.

On approximately August 30, 2000, LS posted a position for Executive

3

Merchandising Coordinator. Alejandro alleges that the job description encompassed the duties and responsibilities that she was already performing. When she inquired to Heron about the position, she was allegedly informed that the Executive Merchandising Coordinator was a "secretarial position" and that she was "overqualified" and, therefore, would not be considered for it. Based upon this advice, Alejandro claims she decided not to apply.

On September 19, 2000, LS hired Cherie DesChenes, a white female continental, for the position of Executive Marketing Coordinator. Alejandro then claims that she discovered that the position actually exceeded her present position, responsibility and salary level. Alejandro claims that as a result of LS's continuous and blatant discrimination, which resulted in a stressful work environment that eventually began to seriously affect her health, she was compelled to resign on March 15, 2001. Upon her resignation, Kendall Shoffner, a white male, replaced her as Assistant Watch Buyer and within four months was promoted to Watch Buyer.

On December 16, 2002, after the Virgin Islands Department of Labor issued a determination that probable cause existed to support Alejandro's allegations of discrimination based upon race, color and national origin, and the EEOC issued its Notice of Right to Sue, Alejandro filed a complaint for employment discrimination and wrongful discharge against LS in the District Court of the Virgin Islands. However, it seems that Alejandro did not properly serve LS and, on June 17, 2003, the presiding judge ordered

4

Alejandro to properly serve LS within 30 days. LS then filed its Answer on September 2, 2003. On September 26, 2003, LS filed a Motion to Dismiss or Stay Pending Arbitration and to Compel Arbitration. The District Court granted LS's Motion to Compel Arbitration and dismissed the case without prejudice, pending arbitration. Alejandro now appeals.

## II. Jurisdiction and standard of review

The District Court of the Virgin Islands had jurisdiction pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 1612(a), as the case arises under *inter alia*, Title VII, 42 U.S.C. § 2000e et seq. The District Court exercised supplemental jurisdiction over Alejandro's wrongful discharge claim pursuant to 28 U.S.C. § 1367 and 48 U.S.C. § 1612(a). We have jurisdiction over this appeal from a final order of the District Court of the Virgin Islands with respect to an arbitration that we may review on the merits pursuant to 9 U.S.C. § 16(a)(3).

## III. Discussion

### A. Unconscionability

Alejandro first contends that the arbitration clause is unenforceable because it lacks mutuality (i.e., by its terms, only she, and not LS, is compelled to submit an employment dispute to arbitration). In order to determine whether mutuality is required, we must look to state law. See Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 686-87 (stating that the court applies general contract principles of state or territorial law in

5

determining whether an arbitration agreement is enforceable). In the present case, therefore, we must look to the law of the Virgin Islands to determine whether mutuality is required in arbitration agreements. "In the Virgin Islands, the Restatement (Second) of Contracts expresses the applicable principles of contract law." Lloyd v. Hovensa LLC, 243 F. Supp. 2d 346, 349 (D.V.I. 2003). Under the RESTATEMENT (SECOND) OF CONTRACTS § 79, "If the requirement of consideration is met, there is no additional requirement of 'mutuality of obligation.'" See also, NAA Construction v. R&R Caribbean, Inc., 2002 V.I. LEXIS 24 at *8 n. 3 (V.I. Jul. 26, 2002) (adopting the position set forth by this Court in Harris v. Green Tree Financial Corp., 183 F.3d 173, 180-81 (3d Cir. 1999), that "parties to an arbitration agreement need not equally bind each other with respect to an arbitration agreement if they have provided each other with consideration beyond the promise to arbitrate.")

In this case, we find that consideration did, indeed, exist, as Alejandro promised to waive her right to arbitration in exchange for the employment provided to her by LS. The fact that the contract is one of employment-at-will does not change our decision as to the consideration element. For, although Alejandro could be terminated at any time and the terms of her employment could be changed, she also retained the right to resign at any time for any reason. Therefore, we find that the clause is not unconscionable because, although it lacks mutuality, there is separate consideration that supports the contract.

In a very similar vein, Alejandro also contends that the arbitration clause is

6

unconscionable and, therefore, unenforceable, because of the inequality of its terms. That is, because she is forced to submit all claims to arbitration while LS is not, she argues that the clause is unconscionable. Again, looking to the RESTATEMENT (SECOND) OF CONTRACTS § 208 cmt. d:

> A bargain is not unconscionable merely because the parties to it are unequal in bargaining position, nor even because the inequality results in an allocation of risks to the weaker party. But gross inequality of bargaining power, together with terms unreasonably favorable to the stronger party, may confirm indications that the transaction involved elements of deception or compulsion, or may show that the weaker party had no meaningful choice, no real alternative, or did not in fact assent or appear to assent to the unfair terms. Factors which may contribute to a finding of unconscionability in the bargaining process include the following: belief by the stronger party that there is no reasonable probability that the weaker party will fully perform the contract; knowledge of the stronger party that the weaker party will be unable to receive substantial benefits from the contract; knowledge of the stronger party that the weaker party is unable reasonably to protect his interests by reason of physical or mental infirmities, ignorance, illiteracy or inability to understand the language of the agreement.

In this case, as the District Court found, "[t]he plaintiff is well educated, fully literate in the English language and the terms in question were straightforward and readily apparent in the relatively short agreement." Therefore, we find that although one could argue that Alejandro was the weaker party in terms of bargaining power, there is no apparent oppression or lack of choice, and the arbitration agreement, under the above guidelines set forth in the RESTATEMENT (SECOND) OF CONTRACTS, is not unconscionable.

7

B. Waiver

Alejandro promotes two theories of waiver. First, she contends that LS failed to comply with its own internal procedures for problem resolution and, therefore, waived its right to arbitrate her claim. We find this argument to be unavailing. Alejandro's Employment Application states:

> If I am employed, I agree to adhere to all the Company's policies, practices and procedures of employment. I also agree that if there is any dispute or conflict concerning any aspect of my employment, including but not limited to compensation, benefits, interpretation of policies, practices, procedures I am required to follow the Company's internal procedure for problem resolution as described in the Little Switzerland Employee Handbook. And that if I am not satisfied with the decision reached by the Company, I agree that any dispute arising with respect to any aspect [*sic*] my employment shall be determined and settled by arbitration pursuant to the rules of the American Arbitration Association in effect at the time of any dispute.

The Employment Handbook states, in relevant part:

> The Company encourages all employees who have any concerns, questions or problems to seek assistance within Little Switzerland to resolve all concerns in an equitable manner.
> We believe in and recommend that following method for resolving any problems or concerns you may have:
> Talk with your immediate supervisor/manager. He or she is usually in the best position to help you, especially with issues related to your job, wages, work hours and general Company policy information. While your supervisor/manager may not immediately have the answer to every question, he/she will probably know where to find the answer for you.
> If your supervisor/manager cannot assist you or you are not satisfied with the response he or she has provided to you, you should then contact the Human Resource Department. The situation will be carefully reviewed, investigated as appropriate, and with as much confidentiality maintained as is reasonably possible. A decision on the issue will be provided as soon as is reasonably possible.
> If you disagree with the decision provided through the Human

8

Resources Department, you may request that the matter be reviewed by a higher level of management. Once the matter is reviewed and a decision reached, you will be advised of the outcome.

Alejandro seems to be arguing that LS should not be permitted to require her to arbitrate her claims when LS did not fulfill the condition precedent to such arbitration, as contained in the Employee Handbook. However, when read together, the Employment Application and the Employee Handbook require Alejandro to follow the company's internal procedures and, if she is dissatisfied with these procedures, to submit her claims to arbitration. There is no requirement for LS to follow certain procedures. Rather, Alejandro must bring her claims that result from her dissatisfaction with LS's ultimate failure to address her concerns in front of an arbitrator. We can find no waiver of any rights by LS.

Finally, Alejandro contends that LS waived its right to compel arbitration when it knowingly engaged in extensive written discovery and deliberately withheld its responses to Alejandro's discovery requests. However, Alejandro did not raise this issue before the District Court. Rather, in her Response in Opposition to LS's Motion to Stay Pending Resolution of the Motion to Dismiss or Stay or Compel Arbitration, Alejandro raised the potential for prejudice due to the discovery that had already occurred. However, she did not formulate this argument in terms of waiver and did not address any of the factors required to find a waiver of the right to compel arbitration, which were set out in Great Western Mortgage Corp. v. Peacock, 110 F.3d 222, 233 (3d Cir. 1997). "[I]t is well

9

established that failure to raise an issue in the District Court constitutes waiver of the argument." Gass v. Virgin Islands Telephone Corp., 311 F.3d 237, 246 (3d Cir. 2002) (quotation omitted). Therefore, we find that Alejandro's failure to raise the issue of waiver before the District Court with any specificity constitutes a waiver of her argument.

For the reasons set forth above, we will affirm the order of the District Court granting Appellee's Motion to Compel Arbitration and dismissing Appellant's claims without prejudice.