**Robert Edward GRAVENMIER,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 21468.**

United States Court of Appeals
Ninth Circuit.

June 14, 1967.

Certiorari Denied Oct. 9, 1967.

See 88 S.Ct. 167.

William C. Miller, Los Angeles, Cal., for appellant.

Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief Crim. Div., Arthur I. Berman, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS and ELY, Circuit Judges, and FERGUSON, District Judge.

PER CURIAM:

It is a violation of the Internal Revenue laws to possess a shotgun with a barrel of less than 18 inches unless a tax is paid. 26 U.S.C. § 5851; 26 U.S.C. § 5848; 26 U.S.C. § 5821. On July 14, 1966, appellant Gravenmier was arrested and a bag that he was carrying was found to contain a loaded sawed-off shotgun with an 8-inch barrel. As appellant had paid no tax, conviction in the district court followed on September 8, 1966.

Appellant's only contention here is that there was no probable cause for his arrest and that consequently the search that turned up the gun was illegal.

We find no merit in this contention. Shortly before the arrest the manager of the Victory Savings and Loan Association in North Hollywood, California, telephoned the Los Angeles Police Department and notified them that a suspicious looking character, appellant, had been hanging around the bank and the immediate neighborhood for three days. Both the manager and various bank employees thought that appellant looked like a man who had held up the association the previous March. When the investigating officer arrived in response to the manager's call, he thought that appellant was a "dead ringer" for the police composite picture of the March robber. On the basis of the above information the arresting officer had probable cause to arrest appellant as he walked quickly away from the association. The arrest being legal, the search which turned up the shotgun and a note of the type given a cashier in a bank robbery qualifies as a search incident to a lawful arrest.

Affirmed.