**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Edward GRAVENMIER, Defendant-Appellant.**

**No. 23158.**

United States Court of Appeals
Ninth Circuit.

Dec. 3, 1969.

Rehearing Denied Jan. 8, 1970.

Robert E. Gravenmier, in pro. per.

Dennis E. Kinnaird, Asst. U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and DUNIWAY, Circuit Judges, and McNICHOLS *, District Judge.

PER CURIAM:

Gravenmier was convicted in federal court under an indictment reading as follows:

"On or about July 14, 1966, in Los Angeles County, within the Central Division of the Southern District of California, defendant ROBERT EDWARD GRAVENMIER unlawfully possessed a Winchester single shot 16 gauge model 37 shotgun with the barrel cut to 8 inches, a firearm as defined by Section 5848, Title 26, United States Code, which firearm theretofore had been made in violation of the internal revenue laws set forth in Section 5821, Title 26, United States Code."

He appealed and we affirmed. Gravenmier v. United States, 9 Cir., 1967, 380 F.2d 30, cert. denied, 1967, 389 U.S. 886, 88 S.Ct. 167, 19 L.Ed.2d 186. On May 2, 1968, he filed a motion to set aside his conviction under 28 U.S.C. § 2255. The motion was denied, and he appeals.

Gravenmier relies upon Haynes v. United States, 1968, 390 U.S. 85, 88 S. Ct. 722, 19 L.Ed.2d 923. See also Grosso v. United States, 1968, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906; Marchetti v. United States, 1968, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889; Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57.

In United States v. Benner, 9 Cir., 1969, 417 F.2d 421, (decided October 13, 1969), we carefully considered the contention that Gravenmier makes and rejected it. See also DePugh v. United States, 8 Cir., 1968, 401 F.2d 346, 351–352; Lewis v. United States, 10 Cir., 1969, 408 F.2d 1310.

In Benner we held that the result may be different where the defendant is himself the maker of the weapon. But in this case Gravenmier does not assert that he was the maker, and there is nothing in the record of his trial to indicate that he was the maker. Gravenmier's defense was that he never had possession of the weapon.

Affirmed.