**Robert E. GRAVENMIER, Petitioner and Appellant,**

v.

**UNITED STATES of America, Respondent and Appellee.**

**No. 71-1620.**

United States Court of Appeals, Ninth Circuit.

Aug. 23, 1972.

Richard D. Clyde, San Francisco, Cal., for petitioner and appellant.

Robert L. Meyer, U. S. Atty., Larry Flax, David R. Nissen, Richard L. Rosenfield, Asst. U. S. Attys., Los Angeles, Cal., for respondent and appellee.

Before CHAMBERS and TRASK, Circuit Judges, and CROCKER, District Judge.

CHAMBERS, Circuit Judge:

This is an appeal from an order denying a motion to vacate sentence under 28 U.S.C. § 2255. Jurisdiction here is based on 28 U.S.C. § 2253.

On September 8, 1966, petitioner Robert E. Gravenmier was convicted of possession of a sawed off shotgun in violation of 26 U.S.C. § 5851, § 5854, and § 5821. This was case No. 1. Judge Manuel L. Real, then United States Attorney Real at Los Angeles, was recorded as "of counsel," with actual appearances made by an assistant United States attorney. On direct appeal, the conviction was affirmed (Gravenmier v. United States, 380 F.2d 30, 9th Cir., 1967). During the hiatus between conviction and affirmation two events occurred. On November 14, 1966, United States Attorney Real was appointed to the federal district bench. On February 20, 1967, while free on bail pending the outcome of the appeal in the firearm conviction, Gravenmier was again indicted in the district court. This was case No. 2. He was charged in two counts with two separate armed bank robberies. Judge Real presided over the ensuing trial, which resulted in conviction on count two of case No. 2. The bank robbery sentence in case No. 2 was set at twenty years, to run concurrently with the four-year sentence for the firearm conviction in case No. 1.

Petitioner subsequently brought this motion to vacate the bank robbery sentence pursuant to 28 U.S.C. § 2255, contending that Judge Real should have disqualified himself from the bank robbery trial in accordance with the mandate of 28 U.S.C. § 455. We call this case No. 3. In this appeal from Judge Real's order denying that motion, petitioner also contends that it was improper for Judge Real to entertain the § 2255 motion because it was his impartiality that was under scrutiny in that motion.

I. As we have said, appellant contends that 28 U.S.C. §.455 required that Judge Real disqualify himself from presiding over the bank robbery trial, case No. 2. The code section reads as follows:

"Any justice or judge of the United States shall disqualify himself in *any case in which he has a substantial interest, has been of counsel,* is or has been a material witness, or is so related to or connected with any party or his attorney as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein." (Emphasis added.)

While it is true that the United States attorney is "of counsel" for all criminal cases within his district, United States v. Amerine, 411 F.2d 1130 (6th Cir., 1969), the cases interpreting that clause of § 455 specify that disqualification is necessary only when the judge has served in an "of counsel" capacity in the *same case*, e.g., United States v. Vasilick, 160 F.2d 631 (3rd Cir., 1947). Therefore, this clause of § 455 does not require disqualification in our case.

As for the "substantial interest" clause, the mere fact that Judge Real was the United States attorney while petitioner was being prosecuted for a totally unrelated offense is not a sufficient reason to conclude that Judge Real has a "substantial interest" in this prosecution.* Since this clause of § 455 is also not applicable, we conclude that this claim is without merit.

Further, we point out that everything in this rehash of the conviction could have been presented during the course of trial and of the appeal in case No. 2.

---

* In United States v. Ryan, 455 F.2d 728 (9th Cir., 1972), it was also claimed that Judge Real had a "substantial interest" in the case because of an earlier case which was on appeal while he was the United States attorney. Although this court rejected that claim, the majority concluded that the Ryan case "stemmed" from the earlier case. That is an important difference between Gravenmier's case and the Ryan case. Here, the second prosecution is in no way related to the first prosecution.

II. Petitioner's other contention is that it was improper for the trial judge to preside over this particular § 2255 motion.

 It is well established in this circuit that the trial judge can hear and decide motions made pursuant to 28 U. S.C. § 2255. Dukes v. United States, 407 F.2d 863 (9th Cir., 1969), rehearing denied April 9, 1969, cert. denied 396 U. S. 897, 90 S.Ct. 193, 24 L.Ed.2d 174; Odom v. United States, 455 F.2d 159 (9th Cir., 1972). The same rule applies even when the § 2255 motion is based on a claim that the trial judge should have disqualified himself from presiding over the trial. Judge Real was not infected or infested for life because he was of counsel in case No. 1.

Affirmed.