**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**COURTNEY BRIGGS, Defendant**

Criminal No. F7/1983

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

March 25, 1983

JACQUELINE A. DREW, ESQ., Assistant Attorney General (Department of Law, Criminal & Family Law Division), St. Thomas, V.I., *for plaintiff*

SAMUEL H. HALL, JR., ESQ., St. Thomas, V.I., *for defendant*

MEYERS, *Judge*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's motion to have me recuse myself on the grounds that I previously prosecuted him when I was an Assistant United States Attorney for the District of the Virgin Islands. The defendant has also moved this Court to disqualify the Honorable Verne A. Hodge, Presiding Judge, on the grounds that Judge Hodge recently convicted the defendant of a traffic offense.

I served as an Assistant United States Attorney from August 1973 to January 1978, and United States Attorney from January 1978 to July 1982. During that time I came in direct contact with the defendant once. That contact was in 1975 when defendant pleaded guilty to burglary in the third degree and grand larceny. The information was signed by me as Assistant United States Attorney, and I was involved in the plea negotiation process with defendant's counsel.[1]

Defendant contends that because I formerly served as counsel for the Government of the Virgin Islands[2] in criminal matters involving the defendant, my serving as judge or as the trier of the facts in this case would violate 4 V.I.C. § 284. I disagree.

The pertinent subsection upon which defendant relies reads as follows:

> No judge shall sit or act as such in any action or proceeding:
>
> . . .
>
> (3) When in the action or proceeding or in any other prior action or proceeding involving the same issues, he has been of counsel for any party to the action or proceeding.

---

[1] Information received from the files at the Office of the United States Attorney.

[2] The United States Attorney for the District of the Virgin Islands, unlike most United States Attorneys, serves both as a federal and local prosecutor. The pertinent portion of § 27 of the Revised Organic Act of 1954 (48 U.S.C. § 1617) which created the Office of the United States Attorney reads as follows:

> [The United States Attorney] shall also prosecute in the district court in the name of the government of the Virgin Islands all offenses against the laws of the Virgin Islands which are cognizable by that court unless, at his request or with his consent, the prosecution of any such case is conducted by the attorney general of the Virgin Islands. The United States attorney may, when requested by the Governor or the attorney general of the Virgin Islands, conduct any other legal proceedings to which the government of the Virgin Islands is a party in the district court or the inferior courts of the Virgin Islands.

The term "as counsel" is not defined under 4 V.I.C. § 284. I now turn, as counsel for the defendant suggests, to 28 U.S.C. § 455, although not controlling, for guidance.

That section reads as follows:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> . . .
>
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy. . . .

■ In United States v. Vasilick, 160 F.2d 631, 632 (3rd Cir. 1947), the Court stated that there is no doubt that the United States Attorney is "of counsel" to the United States in all criminal prosecutions brought within his district. See also In re Grand Jury Investigation, 486 F.2d 1013, 1015 (3rd Cir. 1973), cert. denied sub. nom., 417 U.S. 919 (1974). He is also "of counsel" to the Government of the Virgin Islands in all criminal prosecutions cognizable in the District Court of the Virgin Islands. (See footnote 1.) However, the cases interpreting the "of counsel" clause of § 455 specify that disqualification is necessary only when the judge has served in an "of counsel" capacity in the *same case*, e.g., Vasilick, supra; see also Gravenmier v. United States, 469 F.2d 66, 67 (9th Cir. 1972).

■■ The defendant in the case at bar is charged with assault in the third degree and destruction of property, allegedly committed on or about January 7, 1983. I resigned as United States Attorney on July 21, 1982. By no stretch of the imagination can this case be related to the charges to which defendant pleaded guilty in 1975, nor are the same issues involved. The cases are totally unrelated. In Jenkins v. Bordenkircher, 611 F.2d 162, 166 (6th Cir. 1979), the court, citing Gravenmier, supra, stated:

> It has been specifically held that a judge who as United States Attorney was "of counsel" when a defendant was tried and convicted of one charge is not disqualified from presiding at the prosecution of the same defendant for a totally unrelated offense.

The court in Bordenkircher refused to adopt a per se rule that a

judge may never preside at a trial where he has had previous contact with the defendant as prosecutor in totally unrelated charges.

██ While the foregoing cases cited involve an interpretation of a federal statute, this Court finds that the rationale applied is helpful in interpreting the language of 4 V.I.C. § 284. This Court, too, will, therefore, refuse to adopt a per se rule. Accordingly, defendant's motion to recuse will be denied.

In light of the foregoing conclusion, it is not necessary to reach the issue as to whether the Honorable Verne A. Hodge, Presiding Judge, should be disqualified as trial judge in this case. In any event, the issue of whether a judge should recuse himself should be addressed directly to the judge in question.

## ORDER

The Court having reviewed the motion and accompanying memorandum of law, along with defendant's affidavit before it, it is

ORDERED that defendant's motion to recuse shall be and is hereby DENIED.