**CHRISTOPHER REED, Plaintiff**
**v.**
**TURNER ST. CROIX MAINTENANCE, INC., and**
**HOVENSA, LLC, Defendants**
**REED v. TURNER ST. CROIX MAINTENANCE, INC.**
Civil No. 2003/0095

District Court of the Virgin Islands

Division of St. Croix

March 28, 2005

545

K. GLENDA CAMERON, ESQ., Law Offices of Rohn & Cameron, Christiansted, U.S. Virgin Islands, *Attorney for Plaintiff.*

FRANCIS J. D'ERAMO, ESQ., Nichols Newman Logan & D'Eramo, PC, Christiansted, U.S. Virgin Islands, *Attorney for Turner St. Croix Maintenance, Inc.*

LINDA J. BLAIR, ESQ., Bryant, Barnes & Moss, LLP, Christiansted, U.S. Virgin Islands, *Attorney for Defendant Hovensa, LLC*.

FINCH, *Judge*

## MEMORANDUM OPINION

(March 28, 2005)

THIS MATTER comes before the Court on the Amended Motion of Defendant Turner St. Croix Maintenance to Compel Arbitration and Motion for Stay Pending Arbitration with which Hovensa, LLC [hereinafter "Hovensa"] has joined. Plaintiff Christopher Reed opposes such motion.

### I. Background

Reed executed an Hourly Employee Agreement with Defendant Turner St. Croix Maintenance, Inc. [hereinafter "Turner"] containing arbitration provisions on September 22, 2002. On January 30, 2003, Turner terminated Reed. Reed brought this suit against Turner alleging discrimination in violation of federal and Virgin Islands civil rights laws, wrongful discharge, defamation, and intentional and negligent infliction of emotional distress. Turner has moved to compel arbitration pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 4, and for a stay pending arbitration pursuant to 9 U.S.C. § 3. Hovensa has joined in Turner's motion. The Court has jurisdiction over this case under 28 U.S.C. § 1331 and 48 U.S.C. § 1612(a), because the case arises under, *inter alia.* Title VII, 42 U.S.C. § 2000e, *et seq.* The Court exercises supplemental jurisdiction over Reed's Virgin Islands claims pursuant to 28 U.S.C. § 1367 and 48 U.S.C. § 1612(a).

### II. The Arbitration Agreement

By signing the Hourly Employee Agreement, Reed agreed to arbitrate any claims relating to his employment with and termination from Turner. He also consented to arbitrating all claims he might have against Hovensa arising out of his employment with and termination from Turner, as well as those arising out of his presence within the Hovensa refinery, including tort claims for personal injury. Reed recognized that arbitration would be conducted in accordance with the rules of the American Arbitration Association (AAA) in St. Croix, United States

Virgin Islands. If Reed were to have sought arbitration, he knew that he would have had to pay to the AAA a portion of the AAA's fee equal to the fee for filing a complaint in this Court, which the arbitrator may have awarded him if he were to have prevailed in the arbitration. Finally, Reed acknowledged, that "[e]ach party shall bear its own costs and expenses, including attorney's fees, unless otherwise provided by any statute under which the claim arises."

## III. Reed's Objections to Arbitration

Reed objects to arbitration because (A) Turner failed to comply with 24 V.I.C. § 74a, which purports to govern arbitration agreements in the Virgin Islands, (B) Turner waived its option to compel arbitration by refusing to arbitrate when Reed demanded arbitration, and (C) the arbitration agreement is procedurally and substantively unconscionable. Reed considers the arbitration agreement to be substantively uncon-scionable in that it (1) limits his recovery for costs and fees; (2) incorporates certain AAA rules that are unconscionable: (3) applies to claims that he can bring against Turner, but no vice versa; (4) includes a filing fee requirement more onerous than that required in a judicial forum; and (5) contains an unconscionable third-party beneficiary provision. Reed further contests Hovensa's right to compel arbitration by asserting that Hovensa is not an intended beneficiary of the Hourly Employee Agreement, and that consideration and mutuality are lacking with respect to Hovensa. Reed's objections are addressed seriatim:

## IV. Failure to Comply with 24 V.I.C. § 74a.

Reed argues that to compel arbitration in conformance with the Hourly Employee Agreement would violate section 24 V.I.C. § 74a (Supp. 2004) and the public policy of the Virgin Islands as expressed in section 74a.

Section 74a of the Virgin Islands Code, added September 18, 2002, provides in its entirety:

§ 74a. Arbitration
(a) Notwithstanding an employment contract that provides for the use of arbitration to resolve a controversy arising out of or relating to the employment relationship, arbitration may be used to settle such a dispute only if:

(1) the employer or employee submits a written request after the dispute arises to the other party to use arbitration; and

(2) the other party consents in writing not later than sixty (60) days after the receipt of the request to use arbitration.

(b) An employer subject to this chapter may not require an employee to arbitrate a dispute as a condition of employment.

24 V.I.C. § 74a (Supp. 2004).

■ "An agreement to arbitrate is valid, irrevocable, and enforceable, as a matter of federal law, 'save upon such grounds as exist at law or in equity for the revocation of *any* contract.'" *Perry v. Thomas*, 482 U.S. 483, 492, 96 L. Ed. 2d 426, 107 S. Ct. 2520 (1987) (quoting 9 U.S.C. § 2) (citation omitted). The Supreme Court has held that when state or territorial laws, of legislative or judicial origin, are applicable to arbitration agreements alone, they do not comport with 9 U.S.C. § 2:

> [S]tate law, whether of legislative or judicial origin, is applicable if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally. A state-law principle that takes its meaning precisely from the fact that a contract to arbitrate is at issue does not comport with this requirement of § 2. A court may not, then, in assessing the rights of litigants to enforce an arbitration agreement, construe that agreement in a manner different from that in which it otherwise construes nonarbitration agreements under state law.

*Perry*, 482 U.S. at 492 (citations omitted).

■ Section 74a, as enacted by the legislature or as it reflects the public policy of the Virgin Islands, does not pertain to contracts generally, but solely to arbitration contracts. Thus, in determining the validity, revocability and enforceability of the arbitration provisions of the Hourly Employee Agreement, the Court will not consider section 74a.

### V. Waiver

Reed claims that he orally demanded that Turner arbitrate the dispute, that Turner refused, and that Turner should be bound by such refusal. Paragraph 20 of the Hourly Employee Agreement that Reed executed provides, in relevant part, that "[t]he party seeking arbitration of a claim must present a demand for arbitration in written form to the other party

within the time limit established by the applicable statute of limitations ...".

■ Reed did not comply with this procedure. Thus, he never effectively demanded arbitration. Therefore, Reed's assertion that Turner refused to arbitrate when he demanded arbitration, and therefore waived arbitration, is without merit.

## VI. Unconscionability

■ Before the Court can direct the parties to proceed with arbitration, it must ascertain that the parties have entered into a valid agreement to arbitrate. *Alexander v. Anthony Intern., L.P.*, 341 F.3d 256, 264 (3d Cir. 2003). In the Virgin Islands, "[i]f a contract or term thereof is unconscionable at the time the contract is made a court may refuse to enforce the contract, or may enforce the remainder of the contract without the unconscionable term, or may so limit the application of any unconscionable term as to avoid any unconscionable result." RESTATEMENT (SECOND) OF CONTRACTS § 208 (1981) (applicable in the Virgin Islands according to 1 V.I.C. § 4).

■ For a contract or a term of a contract to be unenforceable, it must be both procedurally and substantively unconscionable. *Alexander*, 341 F.3d at 265. A contract is procedurally unconscionable if it constitutes a contract of adhesion. *Id.* "A contract of adhesion is one which is prepared by the party with excessive bargaining power who presents it to the other party for signature on a take-it-or-leave-it basis." *Id.* (quotation omitted). A contract or term is substantively unconscionable if the contract or term unreasonable favors the party with the far greater bargaining power. *Id.*

### A. Procedural Unconscionability

Reed claims that the arbitration provisions of the Hourly Employee Agreement constitute a contract of adhesion in that he had no choice but to sign the Hourly Employee Agreement, as written, if he wanted to work for Turner. Turner replies that Reed has failed to factually support such assertion.

■ The Court recognizes that Reed has the burden of demonstrating that the terms of the contract that he contests are unconscionable. *See Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 91, 148 L. Ed. 2d 373, 121 S. Ct. 513 (2000) (holding that party resisting arbitration bears burden of proving that the claims at issue are unsuitable for

arbitration). However, with regard to procedural unconscionability, the Court may find a contract of adhesion when an employee argues through counsel, as Reed has done in this case, that the employee had the choice of either signing the arbitration agreement or foregoing employment, and that the employee was not allowed to make any modifications to the arbitration clauses. Although an affidavit setting out such facts would strengthen the employee's position, it is not an absolute requirement. *Cf. Parilla v. IAP Worldwide Services. VI. Inc.*, 368 F.3d 269, 277 (3d Cir. 2004) (finding record support for this Court's implied conclusion that the arbitration agreement was procedurally unconscionable, notwithstanding lack of supporting affidavit). Moreover, Turner did not controvert Reed's argument concerning procedurally unconscionability, but merely accused Reed of failing to file an affidavit. Thus, the Court finds that the Hourly Employee Agreement is a contract of adhesion and therefore, procedurally unconscionable.

## B. Substantive Unconscionability

Fortunately for this Court, its earlier decision in a case in which the employer moved for arbitration was reviewed by the Third Circuit Court of Appeals in *Parilla v. IAP Worldwide Services. VI. Inc.*, 368 F.3d 269 (3d Cir. 2004). The Third Circuit resolved whether certain terms that are similar to some of the terms of the arbitration provisions that Reed challenges here are substantively unconscionable.

### 1. Award of Costs and Expenses, Including Attorney's Fees

In *Parilla*, the Third Circuit held that "the provision requiring each party to 'bear its own costs and expenses, including attorney's fees' is substantively unconscionable with respect to both *Parilla*'s Title VII claim and her claims under Virgin Islands law." *Parilla*, 368 F.3d at 279. Here, paragraph 20 of the Hourly Employee Agreement provides that "[e]ach party shall bear its own costs and expenses, including attorney's fees, unless otherwise provided by any statute under which the claim arises." To the extent that Reed has the potential of recovering his costs and expenses, including attorney's fees when recovery is statutorily allowed, the provision is not substantively unconscionable. However, to the extent that the Hourly Employee Agreement bars recovery of costs and expenses, including attorney's fees under Virgin Islands law, it is substantively unconscionable. *See Parilla*, 368 F.3d at 279.

551

## 2. Incorporation of the AAA Rules by Reference

 Reed, like *Parilla*, claims that the incorporation of the AAA rules in paragraph 20 of the Hourly Employee Agreement renders the arbitration provisions unconscionable for a variety of reasons. Reed argues that the AAA rules are unconscionable in that they provide for a greater level of confidentiality than that generally available in the judicial forum. The Third Circuit in *Parilla*, ruled that the confidentiality provisions of the AAA rules are not unconscionable or violative of the public police embodied in the federal or Virgin Islands civil rights laws or the Virgin Islands Wrongful Discharge Act, 24 V.I.C. § 76-69. *See Parilla*, 368 F.3d at 281.

Another challenge that Reed raises to the AAA rules is that the discovery provision of AAA Rule 7 favors Turner by limiting discovery. AAA Rule 7 provides:

> The arbitrator shall have the authority to order such discovery, by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration.

The Court finds that AAA Rule 7 specifically allows for depositions, interrogatories and document production, and thus is sufficient for Reed to have a fair opportunity to present his employment-related claims. See *Lloyd v. Hovensa LLC.*, 243 F. Supp. 2d 346, 351 (D.V.I. 2003), *rev 'd on other grounds*, 369 F.3d 263, 267 n.2 (3d Cir. 2004).

Finally, Reed contends that AAA Rule 11 regarding arbitration qualifications will prevent him from vindicating his statutory rights because it does not require that the arbitrator be a member of the Virgin Islands Bar or be familiar with the Virgin Islands Wrongful Discharge Act. In deciding the *Lloyd* case, the Court reviewed AAA Rule 11 and found that it contained sufficient mechanisms for an employee to obtain a qualified arbitrator. The Court followed the Supreme Court in "declin[ing] to indulge the presumption that the parties and arbitral body conducting a proceeding will be unable or unwilling to retain competent, conscientious, and impartial arbitrators." *Lloyd*, 243 F. Supp. 2d at 350 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 634, 87 L. Ed. 2d 444, 105 S. Ct. 3346 (1985)). The Court

adopts the same reasoning here and concludes that the incorporation of AAA Rule 11 is not unconscionable.

### 3. Scope of Arbitration Limited to Claims Only an Employee Can Bring

Reed maintains that the arbitration provisions of the Hourly Employee Agreement are substantively unconscionable because according to Reed, they mandate arbitration of only claims that an employee is likely to bring. The Court need not reach the question of whether an arbitration agreement requiring only arbitration of the claims an employee is likely to bring is substantively unconscionable, because the matters subject to arbitration under these arbitration provisions are not so limited.

■ Paragraph 17 of the Hourly Employee Agreement provides, in relevant part that "all claims ... arising out or in any way relating to Employee's employment by Employer ... shall be resolved solely and exclusively by arbitration as provided in this Agreement." Paragraph 18 references paragraph 17, stating "[a]rbitral matters shall be those specified in section 17, above." Paragraph 17 then lists types of claims that are included, but indicates that arbitral matters are not limited to those specified types of claims. Thus, the arbitration provisions of the Hourly Employee Agreement encompasses those claims Turner is likely to bring against Reed and is not limited to only those claims Reed is likely to bring against Turner. Therefore, there is no factual premise upon which the Court can rest a finding of substantive unconscionability.

### 4. Filing Fee Requirement

Paragraph 20 of the Hourly Employee Agreement states: "Employee must pay to the AA a portion of the AAA's fee equal to the fee for filing a complaint in the United States District Court, District of the Virgin Islands." Reed argues that this requirement is substantively unconscionable because it unreasonably favors Turner in that it presents a barrier to a destitute employee or former employee seeking arbitration. A destitute person filing a civil action in a federal district court may be authorized to proceed *in forma pauperis*, without paying a filing fee. 28 U.S.C. § 1915(a)(1).

■ In deciding whether a term included in a contract of adhesion is substantively unconscionable the Court considers whether the term unreasonably favors one party and whether the disfavored party truly

assented to the term or reasonably would have agreed to the term given equal bargaining power. *See Alexander*, 341 F.3d at 265. The filing fee for a complaint in the United States District Court, District of the Virgin Islands is $50.00. Such a low fee does not unreasonably favor Turner in that it does not tend to discourage an employee or former employee from seeking arbitration. Moreover, when Reed entered into the Hourly Employee Agreement, he accepted compensation at a rate of $20.00 per hour. Hourly Employee Agreement, ¶ 4. The Court finds that given Reed's pay rate, even if Reed had negotiated the Hourly Employee Agreement, it would have been reasonable for him to have agreed to pay $50.00 to initiate arbitration. Therefore, the filing fee requirement is not substantively unconscionable.

### 5. Third-Party Beneficiary

■ Applying this same test to a portion of the third-party beneficiary provision incorporated in paragraph 17 of the Hourly Employee Agreement, the Court reaches the opposite conclusion. A term requiring an employee to arbitrate all personal injury claims against third parties arising from the employee's presence at the Hovensa refinery unreasonably favors Turner and the third parties. No informed employee would ever agree to arbitrate personal injury claims against third parties, without substantially more consideration than what Turner has given here. For Turner to require Reed to forego his right to have his personal injury claims against third-party tortfeasors decided by a jury is grossly overreaching and palpably unconscionable.

However, although the Court finds this portion of the third-party beneficiary provision substantively unconscionable, to the extent that Reed agreed to arbitrate his employment-related claims against third parties, it is not unconscionable. If Reed had negotiated this agreement, it would have been reasonable for him, recognizing that Turner can legally require him to arbitrate his employment-related claims, to prefer to resolve all of his employment-related claims in a single forum, including those against third parties. Typically, as in this case, an employee will bring related claims against the employer and the third parties that would be more efficiently resolved in one forum. This same reasoning does not hold true for personal injury claims, because an employee in the Virgin Islands is generally barred under the Virgin Islands Worker's Compensation Act, 24 V.I.C. § 284, from bringing claims against his or

her immediate employer. Thus, no economy considerations make it reasonable for Reed to have agreed to arbitrate his personal injury claims against third parties.

In sum, the Court finds unconscionable only the portions of the arbitration provisions that bar Reed from recovering costs and expenses with regard to his claims arising under Virgin Islands law and that require Reed to arbitrate his personal injury claims against third parties, including Hovensa. Excising these offending conditions leaves a fair agreement that will accomplish the primary objective of the parties. *See Parilla*, 368 F.3d at 288. The two unconscionable portions of the Hourly Employee Agreement do not "evidence a deliberate attempt by an employer to impose an arbitration scheme designed to discourage an employee's resort to arbitration or to produce results biased in the employer's favor." *Parilla*, 368 F.3d at 289. Thus, the Court will enforce the arbitration agreement as to Reed's claims against Turner, except for these two unconscionable portions, which the Court severs.

## VII. Other Challenges to the Third-Party Beneficiary Provision

Reed objects to Hovensa's joinder in Turner's motion to compel on the additional grounds that Hovensa is not an intended beneficiary of the arbitration provisions, and that Hovensa failed to provide any consideration and is not mutual obligated. An intended beneficiary is a party who acquires a right by virtue of a promise between two contracting parties. *See* RESTATEMENT (SECOND) OF CONTRACTS § 302 & cmt. a (1981). Reed and Turner as parties to the Hourly Employee Agreement had the power to create an enforceable right in a third party. RESTATEMENT (SECOND) OF CONTRACTS § 304, cmt. b (1981)

In paragraph 17 of the Hourly Employee Agreement, Reed and Turner plainly identified Hovensa as an intended beneficiary. Although Reed asserts that Hovensa is only an incidental beneficiary (one who does not acquire a right by virtue of a promise, RESTATEMENT (SECOND) OF CONTRACTS § 302, cmt. a) Reed has not made a proffer of evidence which would tend to show an intent contrary to that reflected on the face of paragraph 17. *See Lloyd v. Hovensa, LLC*, 369 F.3d 263, 273 n.10 (3d Cir. 2004). Thus, the Court finds that Hovensa is an intended beneficiary, and not an incidental beneficiary as Reed suggests.

A third-party beneficiary provision is valid even when the third party gives no consideration in return. *See* RESTATEMENT (SECOND) OF

CONTRACTS § 302, cmt. c. In such circumstances, the beneficiary is termed a "donee beneficiary," and the promised performance is referred to as a "gift promise." *Id.* However, here, Hovensa is not a donee beneficiary. Reed and Turner required in paragraph 17 of the Hourly Employee Agreement that for Hovensa to compel Reed to arbitrate his claims against Hovensa, Hovensa would have to declare in writing that it would be bound by the material terms contained in section 17 through 21 of the Hourly Employee Agreement.

Reed's argument that the third-party beneficiary provision is unreasonably one-sided because it binds him to arbitrate claims against Hovensa, but does not require Hovensa to arbitrate claims against him, also fails. First, a fundamental principle of contract law is "that an intended beneficiary to a contract may enforce a promise made by the promisor, but not vice versa." *Lloyd*, 369 F.3d at 273 (citing RESTATEMENT (SECOND) OF CONTRACTS § 304). Second, for Hovensa to obligate Reed to arbitrate his claims against Hovensa, Hovensa would have had to agree in writing to be bound by the material terms of paragraph 17. In adopting paragraph 17, Hovensa would agree to arbitrate all claims arising out of Reed's employment with Turner as well as all claims related to Reed's presence at Hovensa. By making arbitration conditional on accepting paragraph 17, the third-party beneficiary provision does not limit arbitration to only those claims Reed is likely to bring against Hovensa, but also includes those claims that Hovensa is likely to bring against Reed.

## VIII. Conclusion

The Court has reviewed all of Reed's challenges to Turner's and Hovensa's rights under the Hourly Employee Agreement to compel arbitration. The arbitration provisions are enforceable, except for the provisions barring Reed from recovering costs and expenses with regard to his claims arising under Virgin Islands law and requiring Reed to arbitrate his personal injury claims against third parties. After severing these unconscionable clauses, the Court will enforce the remainder of the arbitration provisions by compelling Reed to arbitrate his claims against Turner and Hovensa. This matter will be stayed pursuant to 9 U.S.C. § 3 pending the completion of arbitration.