**STEVEN MOORE, Plaintiff**
**v.**
**HOVENSA, LLC, Defendant**

Civil No. 171/2004

Superior Court of the Virgin Islands*

Division of St. Croix

June 22, 2005

---

\*    Pursuant to Bill No. 25-0213, which became effective on October 29, 2004, the name of the "Territorial Court of the Virgin Islands" was changed to the "Superior Court of the Virgin Islands."

LEE J. ROHN, ESQ., Law Offices of Lee J. Rohn, Christiansted, St. Croix, United States Virgin Islands, *Attorney for Plaintiff.*

BRITAIN H. BRYANT, ESQ., Bryant, Barnes, Moss & Beckstedt, LLP, Christiansted, St. Croix, United States Virgin Islands, *Attorney for Defendant.*

ROSS, *Judge*

## MEMORANDUM OPINION

(June 22, 2005)

THIS MATTER comes before the Court on Plaintiff's Motion for Reconsideration or for Certification of Preemption Issue, Defendant's response in opposition and Plaintiff's reply thereto.

The Court, on March 16, 2005, entered an Order granting Defendant's Motion to Compel Arbitration and to Stay the Proceedings Pending Arbitration. Plaintiff, on April 6, 2005, eleven days after the ten-day

period prescribed by FED. R. CIV. P. 59(e), filed the instant motion, praying the Court to reconsider its Order of March 16, 2005. Motions for reconsideration received after the ten-day period prescribed by Rule 59(e) will be treated as motions for relief from orders pursuant to FED. R. CIV. P. 60(b). *See Molyneaux v. Glickman*, 2004 U.S. Dist. LEXIS 19420 (D.V.I.). Accordingly, Plaintiff's instant motion for reconsideration is heretofore addressed, in accordance with Rule 60(b), as a motion for relief from the Court's Order of March 16, 2005.

Under Rule 60(b), the Court may grant a motion for relief from a final order based on the following factors: (1) mistake, inadvertence, surprise, or excusable neglect; (2) availability of new evidence; (3) fraud, misrepresentation or other adversary misconduct and (4) void judgment. Plaintiff contends that the Court is obliged to reconsider its March 16, 2005 Order in light of the District Court's ruling in *Reed v. Turner St. Croix Maintenance, Inc. and Hovensa, LLC*, 2005 U.S. Dist. LEXIS 8236 (D.V.I.). The Court will accept the District Court's ruling in *Reed v. Turner* as new evidence under Rule 60(b). Thus, the Court will consider Plaintiff's motion for reconsideration in context of Plaintiff's arguments relating to the District Court's ruling in *Reed v. Turner*. Plaintiff's other arguments in support of its motion for reconsideration are not based on any Rule 60(b) factor and consequently are not properly before the Court.

In *Reed v. Turner,* Plaintiff Reed ("Reed") executed an Hourly Employment Agreement with Defendant Turner St. Croix Maintenance, Inc. ("Turner") containing arbitration provisions, wherein Reed agreed to arbitrate claims he might have against third party beneficiary, Hovensa, LLC ("Hovensa"). The claims against Hovensa that Reed agreed to arbitrate included those arising out of Reed's employment with and termination from Turner and those arising out of Reed's presence within the Hovensa refinery, including tort claims for personal injury. Reed, in his opposition to Defendants' motion to compel arbitration, objected to the arbitration provisions of the Hourly Employment Agreement on grounds of unconscionability.

Similar to the *Reed v. Turner* matter, Plaintiff in the instant action executed an Employment Agreement with Turner, wherein he agreed to arbitrate all claims he might have against third party beneficiary, Hovensa, arising out of his employment with and termination from Turner and arising out of his presence within the Hovensa refinery.

Additionally, Plaintiff agreed to arbitrate any tort claims for personal injury he might have against Hovensa. Also similar to *Reed,* Plaintiff herein objects to the arbitration provisions of the subject Employment Agreement on grounds of unconscionability.

## Procedural Unconscionability

The test for determining whether a contract or a provision thereof is unconscionable requires a finding that the contract or provision is both procedurally and substantively unconscionable. *See Alexander v. Anthony Int'l, L.P.,* 341 F.3d 256, 265 (3d Cir. 2003). Generally, a contract or provision thereof is procedurally unconscionable if it constitutes a contract of adhesion. *See Id.* A contract of adhesion is one prepared by the party with excessive bargaining power and presented to the other party on a take-it-or-leave-it basis. *See Trailer Marine Transp. Corp. v. Charley's Trucking, Inc.,* 20 V.I. 282 (Supr. Ct. 1984).

In *Reed v. Turner,* the District Court found that Reed had no choice but to agree to the arbitration provisions of the Hourly Employment Agreement if Reed wanted to gain employment with Turner. *See Reed,* 2005 U.S. Dist. LEXIS 8236. Based thereupon, the District Court held that the arbitration provisions of the Hourly Employment Agreement constitute a contract of adhesion and are therefore procedurally unconscionable. *See Id.* In the instant Motion for Reconsideration, Plaintiff contends that the grounds for the District Court's holding regarding procedural unconscionability in the matter of *Reed v. Turner* are the same grounds for the Court herein to hold that the arbitration provisions of the subject Employment Agreement constitute a contract of adhesion.

To support his contention, Plaintiff makes affidavit that he had no choice but to agree to the arbitration provisions of the subject Employment Agreement in order to secure employment with Turner. Plaintiff specifically alleges, "[t]he contract was non-negotiable and presented to me [Plaintiff] on a take-it-or-leave-it basis." *See* Ex. 1, Affidavit of Steven Moore, at ¶ 3, attached to Plaintiff's Motion for Reconsideration. Plaintiff further alleges that he was informed that if he did not sign the Employment Agreement he could not work for Turner. *See Id.* at §§ 3-4. Despite Plaintiff's affidavit regarding the procedurally unconscionable terms by which Turner presented Plaintiff with the

subject Employment Agreement, Defendant fails to controvert said allegations.

In fact, in no submission to the Court does Defendant make any relevant argument contrary to Plaintiff's affidavit that Turner presented Plaintiff with the subject Employment Agreement on a take-it-or-leave-it basis. Defendant merely accuses Plaintiff of failing to make certain other claims that would support Plaintiff's position, to wit, claims that Plaintiff sought alternative employment or that the subject job was the only one available at Hovensa or on St. Croix. The fact that Plaintiff did not make any of the aforementioned claims does nothing to controvert Plaintiff's specific allegations that Turner presented Plaintiff with the Employment Agreement as a non-negotiable condition of employment.

■ Defendant, does however, contend that Plaintiff failed to review and ask questions about the Employment Agreement during the fifteen-month time period between the date Plaintiff signed the Employment Agreement and the date of Plaintiff's alleged injury. Defendant's argument in this instance is of no moment because any subsequent action or lack thereof by Plaintiff to negotiate the terms of the Employment Agreement are obsolete in controverting Defendant's initial action of presenting the Employment Agreement on a take-it-or-leave-it basis. In construing procedural unconscionability, the Court may find a contract of adhesion when an employee contends that he had to sign the arbitration agreement or forego employment and that the employee, upon signing the arbitration agreement, had no realistic ability to modify its terms. *See Alexander*, 341 F.3d at 265. Plaintiff having made affidavit of such and Defendant having failed to controvert Plaintiff's claims thereto, the Court finds that the arbitration provisions of the subject Employment Agreement constitute a contract of adhesion.

## Substantive Unconscionability

■ Notwithstanding the Court's finding that the Employment Agreement is a contract of adhesion and therefore procedurally unconscionable, the Court maintains its holding that the subject third party beneficiary clause is not substantively unconscionable. Without finding that the third party beneficiary clause is substantively unconscionable, the Court will not deem the contract of adhesion unconscionable under the law. According to the modern application of the doctrine of unconscionability, as set forth in § 208 of the RESTATEMENT OF CONTRACTS, a term is

108

unconscionable under the law when it is both procedurally and substantively unconscionable.[1] *See Bensalem Township v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1312 (3d Cir. 1994). Accordingly, a contract of adhesion may be enforced when said contract fails to meet the requirement of substantive unconscionability.

▮ A term included in a contract of adhesion is substantively unconscionable if the term unreasonably favors one party and the disfavored party did not truly assent to the term or the disfavored party would not have assented to the term given equal bargaining power. *See Alexander*, 341 F.3d at 265. In *Reed v. Turner*, the District Court held that the third party beneficiary clause of the Hourly Employment Agreement is substantively unconscionable because "no informed employee would agree to arbitrate all personal injury claims against third parties, without *substantially more consideration*" than what Turner gave Reed. (Emphasis added). *See Reed*, 2005 U.S. Dist. LEXIS 8236. The District Court's decision of unreasonableness is flawed in a number of respects.

▮ Foremost, there is no legal basis to support the District Court's reasoning regarding the inadequacy of consideration. Governing laws of contract require that consideration be legally sufficient, to wit, bargained-for. *See* REST. 2D CONTR. § 71. Consideration is bargained-for if it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise. *See Id.* In this instance, Plaintiff as the promisor sought employment from Turner in exchange for Plaintiff's promise to abide by the terms of the subject Employment Agreement, including the terms requiring arbitration of personal injury claims against Hovensa. Turner as the promisee employed Plaintiff in exchange for Plaintiff's promise.

▮ Ordinarily, courts do not inquire into the adequacy of consideration and the Court herein follows that general principle. *See* REST. 2D CONTR. § 79, comment c. Once the requirement of consideration is met in a contract, there is no additional requirement of a gain, advantage, benefit or loss thereof to either party or equivalence in the values exchanged. *See* REST. 2D CONTR. § 79. Accordingly, Turner's

---

[1]   Where no written or case law exists on a certain subject, courts must follow common law rules as expressed in the Restatement of the Law, and to the extent not so expressed, as generally understood and applied in the United States. 1 V.I.C. 4.

employment of Plaintiff constitutes legal consideration in exchange for Plaintiff's promise to arbitrate claims, including personal injury claims against Hovensa. Turner is under no legal obligation to substantiate its consideration of employment, simply because Plaintiff's promise included agreement to multiple arbitration terms.

Furthermore, the District Court's holding regarding the inadequacy of consideration in *Reed v. Turner* is based on the flawed assumption that no economy considerations exist that make it reasonable for an informed employee to agree to arbitrate personal injury claims against a third party beneficiary. More specifically, the District Court maintained that since Turner can legally require Reed to arbitrate employment-related claims, there are economy considerations, which make it reasonable for Reed to resolve all such claims in one single forum. *See Reed*, 2005 U.S. Dist. LEXIS 8236. On the other hand, the Virgin Islands Workers' Compensation Act, 4 V.I.C. § 284, bars Reed from bringing personal injury claims against Turner, therefore no economy considerations exist, which make it reasonable for Reed to agree to arbitrate personal injury claims against Hovensa. *See Id.*

Notwithstanding the District Court's analysis in *Reed v. Turner,* economy considerations do exist for Plaintiff to forego the costly and often lengthy and complicated judicial process. Beside speed and simplicity, the advantages of arbitration include its informality and the ability to coordinate it with other modes of conciliation. It is well established that parties generally benefit from the efficient resolution of disputes and in most instances arbitration is an efficient alternative form of dispute resolution. Moreover, there is no relevant legal or factual basis to presume that Plaintiff's arbitration of personal injury claims against Hovensa unreasonably favors Hovensa, especially considering that the brevity and simplicity of arbitration procedures weighs in favor of Plaintiff.

### Conclusion

While the subject arbitration provisions do constitute a contract of adhesion, a contract of adhesion is not necessarily unenforceable. The party challenging the contract of adhesion must also establish substantive unconscionability. Plaintiff has failed to do so in this instance. Even in light of the District Court's holding in *Reed v. Turner,* the Court finds no compelling and justifiable basis to establish substantive unconsciona-

bility in this case. Thus, the Court's Order of March 16, 2005, compelling arbitration and staying the instant proceedings pending arbitration stands. Moreover, the Court herein yields to the trend of the U.S. Supreme Court in enforcing valid arbitration agreements that fall under the scope of the national public policy favoring arbitration. ·

As the proceedings in this instance have been stayed according to § 3 of the FAA,[2] the Court, at this time, is obliged to deny Plaintiff's instant request for certification for appeal. *See* 9 U.S.C. § 16 (explicitly denying the party opposing arbitration the right to an immediate appeal when a stay is entered under § 3 of the FAA.) A stay entered under § 3 of the FAA has a twofold effect: it relieves the party entitled to arbitration from the burden of continuing to litigate the matter during the arbitration process and it entitles that party to proceed immediately to arbitration without the delay of an appeal of the Court's order to arbitrate. *See Lloyd v. Hovensa, LLC*, 369 F.3d 263, 270 (3d Cir. 2004). In consideration thereof, the Court will maintain the stay ordered in this action until the conclusion of the arbitration proceedings. The premises considered and the Court being otherwise fully advised, it is hereby

ORDERED that Plaintiff's Motion for Reconsideration or for Certification of Preemption Issue is DENIED.

---

[2] *See* Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA").