**GAGE EDMUNDS, Plaintiff**

**v.**

**WYATT V.I., INC.,** *et al.,* **Defendants**

No. SX-02-CV-642

Superior Court of the Virgin Islands

Division of St. Croix

November 6, 2007

K. GLENDA CAMERON, ESQ., Law Offices of Rohn and Cameron, LLC, Christiansted, VI, *Attorney for Plaintiff.*

CHARLES E. ENGEMAN, ESQ., Ogletree, Deakins, Nash, Smoak & Stewart, LLC, St. Thomas, VI, *Attorney for Wyatt V.I., Inc.*

DOUGLAS L. CAPDEVILLE, ESQ., Law Offices of Douglas L. Capdeville, Christiansted, VI, *Attorney for St. Croix Basic*.

RICHARD FARRELLY, ESQ., Birch, DeJongh & Hindels, St. Thomas, VI, *Attorney for Hovensa, LLC*.

D'ERAMO, *Judge*

## MEMORANDUM OPINION AND ORDER ON REQUEST FOR RECUSAL AND MOTION TO COMPEL ARBITRATION

(November 6, 2007)

This Matter is before the Court on Defendant Wyatt's Motion to Compel Arbitration and on Plaintiff's request that the undersigned recuse himself from the instant case. For the reasons set forth herein, the undersigned declines to recuse himself and grants additional discovery with respect to the Motion to Compel Arbitration.

### Background

The instant case was filed on October 4, 2002. Plaintiff Gage Edmunds, an employee of Wyatt V.I., Inc., brought suit against Defendants HOVENSA and St. Croix Basic Services, Inc. alleging that he had been injured as a result of their negligence. Plaintiff also brought various employment-related claims against Wyatt. Wyatt moved to compel arbitration of Edmunds' claims against it pursuant to his employment contract with Wyatt, and HOVENSA joined in the Motion as a third party beneficiary of the employment contract. The Motion to Compel Arbitration appears to have been fully briefed by, at latest, May of 2003, when Edmunds filed a Motion for Leave to File Additional Authorities. Edmunds opposed the Motion to Compel Arbitration on various grounds, and requested discovery with respect to the issue of whether Wyatt applied the employment agreements in a discriminatory fashion.

On August 15, 2007, an Order was entered in the instant case stating as follows:

> The matter is before the Court on a Motion to Compel Arbitration. The undersigned, while in private practice, was heavily involved in the litigation of issues relating to the enforceability of arbitration agreements, although neither the undersigned nor his former office wrote the agreement at issue in the instant case. Notwithstanding, the un-

dersigned wishes to give any party who wishes to do so the opportunity to request that the undersigned recuse himself from the case. Therefore, any such motion should be filed within twenty (20) days of the date hereof, and responses and replies filed as provided for by rule. Such a motion will be considered by the Court on its merits, and will not be automatically granted.

Plaintiff filed a Notice requesting recusal which stated, in full, as follows:

COMES NOW Plaintiff by and through undersigned counsel and hereby gives notice to this Court that Plaintiff requests the recusal of Judge Francis D'Eramo from this case in accordance with the order of August 13, 2007.

Defendants HOVENSA and Wyatt filed oppositions to the Notice, and Plaintiff filed a Reply.

### Case Law Involving the Wyatt Agreement

Initially, it should be noted that the Wyatt Agreement signed by Plaintiff has been the subject of extensive litigation. It has twice been ruled enforceable by the Third Circuit Court of Appeals, in *Lloyd v. HOVENSA, LLC*, 369 F.3d 263 (3d Cir. 2004), and in *Edwards v. HOVENSA, LLC*, 497 F.3d 355 (3d Cir. 2007).

### Involvement of the Undersigned in the Drafting of and Litigation About Arbitration Agreements in Employment Contracts

To the best of the undersigned's recollection, the undersigned was first involved in the drafting of an employment contract containing an arbitration agreement in early 1995. The undersigned was prompted to write such an agreement after reading an unpublished slip opinion from the Territorial Court of the Virgin Islands which granted a motion to compel arbitration of an employment termination because the employee had signed a written contract containing an arbitration clause. Thereafter, the undersigned and various members of his firm provided similar contracts to several of the firm's clients, including contractors working at the HOVENSA refinery. The contracts were periodically revised in light of developments in the law. The undersigned was, as is noted in Plaintiff's Reply to the Response in Opposition to Plaintiffs Notice for Recusal,

involved in litigating the enforceability of these contracts until leaving private practice.[1]

As noted in the Court's Order of August 15, 2007, neither the undersigned nor any member of his former firm drafted the contract at issue in the instant case. As further noted, the undersigned's former firm briefly represented Wyatt at the inception of its operations in the Virgin Islands (which representation would have terminated sometime prior to mid-2002, as the undersigned's former firm did not represent Wyatt when it filed *Wyatt v. Government of the Virgin Islands*, 2002 U.S. Dist. LEXIS 10584 (D.V.I. 2002)), and represented HOVIC in a single matter that was concluded several years ago.[2] The undersigned does not have any interest in Wyatt or, to the undersigned's knowledge, in any other business that uses employment contracts containing arbitration agreements.[3]

---

[1] Plaintiff makes reference to the following cases: *Alexander v. Anthony International*, 341 F.3d 256 (3d Cir. 2003); *Parilla v. IAP Worldwide Services*, 368 F.3d 269 (3d Cir. 2004); and *Plaskett v. Bechtel*, 243 F. Supp. 2d 334 (D.V.I. 2003). Plaintiff characterizes these cases as, "all involving pernicious unconscionable clauses which were struck by the courts." In the interest of accuracy, the following should be noted: the contract in Alexander was ultimately ruled unenforceable by the Third Circuit, but had previously been the subject of two separate District Court orders holding it enforceable. The Third Circuit in *Parilla* determined that two clauses in the Plaintiff's contract were unconscionable, but upon remand the remaining provisions of the contract, including those requiring arbitration, were determined to be enforceable by the District Court. *Plaskett* was resolved while an appeal was pending in the Third Circuit, but essentially identical clauses were thereafter held to be enforceable in *Moore v. HOVENSA*, 46 V.I. 144 (V.I. Super. Ct. 2005) and *Reed v. Turner St. Croix Maintenance, Inc.*, 46 V.I. 544 (D.V.I. 2005).

[2] Plaintiff also makes reference to an order in which the undersigned recused himself from hearing the case of *Edwards v. HOVENSA*, pending in this Court as SX-04-CV-267. Plaintiff states that, "Judge D'Eramo recused himself from hearing arbitration agreement enforceability issues (sic.) because he 'represented Plaintiffs employer [HOVENSA] with respect to employment matters.'" The bracketed term "HOVENSA" in this quote does not appear in the recusal order in that case, because Edwards' employer, as alleged in his Complaint, was Turner St. Croix Maintenance, not HOVENSA. This error is surprising because the Plaintiffs lawyer in this case also represents Edwards. The undersigned represented Turner St. Croix Maintenance with respect to employment matters and, in fact, wrote the contract that Edwards signed. The undersigned has never represented HOVENSA with respect to employment matters or any other matter. The sole matter in which the undersigned's former firm represented HOVENSA involved coverage litigation against its insurer arising from personal injury cases, which is reported as *Amerada Hess Corp. v. Zurich Ins. Co.*, 51 F. Supp. 2d 642, 41 V.I. 294 (D.V.I. 1999), *reversed,* 29 Fed. Appx. 800 (3d Cir. 2002).

[3] The undersigned's former firm used such agreements, but there are no pending claims from any of its employees.

## Standard for Recusal

Title 4 of the Virgin Islands Code, § 284. *Disqualification of Judges*, states:

No judge or justice shall sit or act as such in any action or proceeding:

1. To which he is a party or in which he is primarily interested;
2. When he is related to either party, or to an officer of a corporation which is a party, by blood or marriage within the third degree;
3. When in the action or proceeding or in any prior action or proceeding involving the same issues, he has been of counsel for any party to the action or proceeding; or
4. When it is made to appear probable that, by reason of bias or prejudice of such judge, a fair and impartial trial cannot be had before him.

Section 284(1) & (2) are inapplicable. As to Subsection (3), the undersigned did not represent any party to this case in this case. Nor did the undersigned represent any party to this case in any proceeding involving an effort to compel arbitration, or in any other proceeding involving employment issues.

With respect to the applicability of § 284(3), Plaintiff states as follows:

> With all deference and due respect, Judge D'Eramo must be disqualified from the present proceedings, as well as all pending proceedings to determine the enforceability of the employment arbitration agreements signed by employees of the HOVENSA contractors. This is because it is undisputed, as his Honor has indicated by his Order, that he was actively involved in litigation representing HOVENSA contractors seeking to enforce the same or similar arbitration agreements. Having served as an advocate for employers in the same industry, contracting with the same Refinery, in order to move disputes to arbitration in lieu of a judicial forum, has created a sure bias in favor of the enforceability of arbitration agreements in the Judge. An impartial hearing on the issue cannot be had.

## Analysis

Many, if not most lawyers develop concentrations in their area of practice. While in private practice, a substantial portion of the

undersigned's practice involved providing clients with employment contracts containing arbitration provisions, and attempting to enforce those contracts when claims were brought by the clients' employees.

The Supreme Court of the United States has held that arbitration provisions in private employment contracts are enforceable. See *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 121 S. Ct. 1302, 149 L. Ed. 2d 234 (2001). Alternative dispute resolution ("ADR") methods such as arbitration are simply methods of loss control, analogous to waivers, releases, or disclaimers. Courts have held that ADR is appropriate in some circumstances, and not in others.

Plaintiff is correct in pointing out that the issue of the enforceability of arbitration of employment agreements in the Virgin Islands has been "contentious," at least to the extent that contentious means extensively and vigorously litigated. A product of this contentiousness is that the Third Circuit Court of Appeals, the Superior Court, and the District Court of the Virgin Islands have all published a variety of opinions providing guidance on the issue. Examples include the two Third Circuit opinions which have previously reviewed the Wyatt agreement, *Lloyd v. HOVENSA, LLC*, 369 F.3d 263 (3d Cir. 2004)[4], and *Edwards v. HOVENSA, LLC*, 497 F.3d 355 (3d Cir. 2007).

█ Case law does not support the proposition that a judge should be disqualified from hearing a matter simply because of prior representation of a party or because the judge advocated one side of the issue or another on behalf of a client while practicing law. In fact, the Third Circuit Court of Appeals has held otherwise in *Cipollone v. Liggett Group, Inc.*, 802 F.2d 658, 659 (3d Cir. 1986), stating:

> Even if American Tobacco Company were a party to the Cipollone case, the long passage of time since Judge Hunter's last representation of that Company requires the conclusion that no reasonable person could question his impartiality. *See, e.g., Chitimacha Tribe of Louisiana v. Harry L. Laws Company, Inc.*, 690 F.2d 1157, 1166 (5th Cir. 1982), *cert. denied*, 464 U.S. 814, 104 S. Ct. 69, 78 L. Ed. 2d 83 (1983) (recusal not warranted where judge had represented the defendant in

---

[4] In *Lloyd*, the District Court denied as untimely a motion to conduct discovery on the issue of whether the arbitration agreement was applied in a discriminatory manner. The motion was made after the hearing on the Motion to Compel Arbitration.

unrelated matters at least six years earlier)[5]; *Jenkins v. Bordenkircher*, 611 F.2d 162, 165-67 (6th Cir. 1979), *cert. denied*, 446 U.S. 943, 100 S. Ct. 2169, 64 L. Ed. 2d 798 (1980) (recusal not required where trial judge had prosecuted defendant for several unrelated crimes during the period four to thirteen years prior to the time of trial); *Gravenmier v. United States*, 469 F.2d 66, 67 (9th Cir. 1972) (where trial judge was of counsel in prior prosecution six years before present unrelated prosecution, recusal not required); *Darlington v. Studebaker-Packard Corp.*, 261 F.2d 903, 906 (7th Cir.), *cert. denied*, 359 U.S. 992, 79 S. Ct. 1121, 3 L. Ed. 2d 980 (1959) (recusal not warranted where trial judge had represented defendant in unrelated matters for a period of four to five years which ended three to four years before judge's decision); *Royal Air Maroc v. Servair, Inc.*, 603 F. Supp. 836 (S.D.N.Y. 1985) (prior representation by trial judge of defendant's parent corporation in unrelated matter twelve years earlier no basis for recusal).

Cipollone contends that even though Judge Hunter has no relationship, professional or otherwise, with any party to this appeal, his impartiality may reasonably be questioned because of his prior knowledge of the issues it presents. As noted above, the preemption issue on which this appeal turns was not presented in the *Lapp* case. Thus there is no factual nexus between the prior representation about which Cipollone complains and the issues which Judge Hunter resolved. In any event, prior knowledge about legal issues is not a ground for recusal of a Judge. 28 U.S.C. § 455(b)(1) (1982), provides that a judge shall also disqualify himself where he has "personal knowledge of disputed evidentiary facts" concerning the proceeding. *Plechner v. Widener College, Inc.*, 569 F.2d 1250, 1263 (3d Cir. 1977). Cipollone does not assert that Judge Hunter has knowledge of evidentiary facts. If Judges could be disqualified because their background in the practice of law gave them knowledge of the legal issues which might be presented in cases coming before them, then only the least informed and worst-prepared lawyers could be appointed to the bench.

Wyatt also cites the case of *Laird v. Tatum*, 409 U.S. 824, 93 S. Ct. 7, 34 L. Ed. 2d 50 (1972). In that case, Justice William Rehnquist declined

---

[5]   The statute under which *Chitimacha* was decided, like 4 V.I.C. § 284, requires a judge to disqualify himself if "he served as a lawyer in the matter in controversy."

to recuse himself from a case where he had previously appeared before a Senate subcommittee as an expert witness for the Justice Department on the subject of statutory and constitutional law dealing with the authority of the Executive Branch to gather information. At that hearing, and on other occasions, he had expressed an understanding of the law contrary to the contentions of party seeking recusal.[6]

■ Prior representation of a party to a suit by the sitting judge is not, standing alone, grounds for disqualification when the statute only requires a judge to disqualify himself if "he served as a lawyer in the matter in controversy." *See, e.g., Chitimacha Tribe of Louisiana v. Harry L. Laws Company, Inc.*, 690 F.2d 1157, 1166 (5th Cir. 1982), *cert. denied*, 464 U.S. 814, 104 S. Ct. 69, 78 L. Ed. 2d 83 (1983) (recusal not warranted where judge had represented the defendant in unrelated matters at least six years earlier).[7]

The case of *Isidor Paiewonsky Associates, Inc. v. Sharp Properties, Inc.*, Civ. A. No. 87-44 [WL] (D.V.I. Apr. 6, 1990), cited by Plaintiff, is not on point. In that case, an attorney was disqualified as a special master because, subsequent to his appointment, *he undertook representation of one of the parties.* There is obviously no analogy to the circumstances in this case.

■ As set forth above, neither the undersigned nor his firm:

<hr>

[6]    In declining to recuse himself, Justice Rehnquist described the following analogous situations involving members of the Supreme Court:

Justice Hugo Black while in the Senate, introduced one of the early versions of the Federal Fair Labor Standards Act, presided over lengthy hearings on the subject of the bill, and presented the favorable report of that Committee to the Senate. Nonetheless he participated in the case which upheld the constitutionality of that Act, *United States v. Darby*, 312 U.S. 100, 61 S. Ct. 451, 85 L. Ed. 609 (1941), and in later cases construing it, including *Jewell Ridge Coal Corp. v. Local 6167, UMW*, 325 U.S. 161, 65 S. Ct. 1063, 89 L. Ed. 1534 (1945)

Justice Frankfurter, while a law professor, wrote a book criticizing the use by the federal courts of their equitable jurisdiction to issue injunctions in the area of labor relations. He also participated in the drafting of the Norris-LaGuardia Act, which was designed to curtail the injunctive powers of federal in labor disputes. While on the Court, he sat on one of the leading cases interpreting the scope of the Act, *United States v. Hutcheson*, 312 U.S. 219, 61 S. Ct. 463, 85 L. Ed. 788 (1941), and wrote the Court's opinion.

Justice Robert Jackson noted in his concurrence in *McGrath v. Kristensen*, 340 U.S. 162, 71 S. Ct. 224, 95 L. Ed. 173 (1950), that the case raised an issue which he had opined on as Attorney General (in a way opposite to that in which the Court decided it).

[7]    The language of the statute discussed in that case is similar to that of 4 V.I.C. § 284.

1. Wrote the employment agreement or arbitration clause at issue in the instant case;
2. Represented HOVENSA or Wyatt in any proceeding involving employment matters;
3. Represented any party in this action, SX-02-CV-642;
4. Represented Wyatt after 2002; or
5. Represented HOVENSA or HOVIC in any matter after the conclusion of the *Amerada Hess v. Zurich* litigation cited above in Footnote 2.

In light of the above, the undersigned declines to recuse himself from the instant case.[8]

### Motion to Compel Arbitration

As noted above, Wyatt's employment agreement has twice been reviewed by the Third Circuit, *Lloyd v. HOVENSA, LLC*, 369 F.3d 263 (3d Cir. 2004), and in *Edwards v. HOVENSA, LLC*, 497 F.3d 355 (3d Cir. 2007). In the instant case, Plaintiff has claimed that Wyatt applied the employment agreements in an illegally discriminatory manner, and has requested discovery on the Issue. Although the same issue came before the District Court in *Lloyd*, the Court ruled that the request for discovery was untimely, since it was not made before the hearing on the motion to compel arbitration. *See Lloyd*, 369 F.3d 263. Since Edmunds requested discovery some time ago, the Court will permit limited discovery relating to the issue of whether Wyatt used the employment agreements in a discriminatory manner. The scope of that discovery will be addressed by separate Order.

---

[8] A different result might be compelled in instances in which the arbitration agreement at issue was either written by the undersigned or based upon contracts drafted by the undersigned. A different result might also be compelled in a matter involving the application of 5 V.I.C. § 815, which has not been raised here. This is because the undersigned, prior to leaving private practice, opined extensively to clients regarding the probable effect of this section, and the matter remains unresolved by any higher Court.